

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 1, 1969

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-525

Re: Status of the duties and
responsibilities of the Judge
of Juvenile Court No. 2 in
relation to the Juvenile
Board, Harris County.

Dear Mr. Resweber:

We are in receipt of your letter in which you ask the
following two questions:

"1. Is the Judge of Juvenile Court No.
2 of Harris County a member of the Juvenile
Board of said County?

"2. What are the rights, duties and
obligations of Juvenile Court No. 2 concern-
ing the Chief Juvenile Officer and what
rights, duties and obligations does the
judge of this court have on matters before
the Juvenile Board?"

Your questions originate through the creation of Juvenile
Court No. 2 of Harris County by Senate Bill No. 295, Acts
61st Legislature, Regular Session, 1969, Chapter 673, page
1981, which is silent regarding membership on the Juvenile
Board of Harris County or participation in the Board's
meetings and decisions.

The Harris County Juvenile Board was created by virtue
of Article 5139VV, Vernon's Civil Statutes, which reads
in part:

"Section 1. The Juvenile Board of Harris
County is established.

"Sec. 2. The juvenile board consists of
the county judge, the judge of the juvenile
court, and the judges of the courts of domestic
relations of Harris County, and a district
judge appointed by majority vote of the
district judges of Harris County.

"Sec. 3. * * *

"Sec. 4. * * *

"Sec. 5.
    "(a) * * *
    "(b) * * *
    "(c) At the request of the judge of the juvenile court, the juvenile board shall investigate the operations of the probation department and the county institutions for the care of neglected, dependent, and delinquent children. . . .

"Sec. 6. The office of Chief Juvenile Probation Office of Harris County is established.

"Sec. 7. The judge of the juvenile court shall appoint the chief probation officer. The appointment is subject to the approval of the juvenile board. The judge may remove the chief juvenile probation officer at any time subject to the approval of the Juvenile Board."

S.B. 295 provides, in part, as follows:

"Section 1. The juvenile Courts No. 2 and No. 3 of Harris County are established. . . .

"Sec. 2. * * *

"Sec. 3. The offices of judge of the Juvenile Court of Harris County No. 2 and the judge of the Juvenile Court of Harris County No. 3 are established.

"Sec. 4. * * *

"Sec. 5. * * *

"Sec. 6. The governor, with the advice and consent of the Senate, shall appoint the first judges of the Juvenile Courts No. 2 and No. 3. The appointee to the Juvenile Court No. 2 shall take office on September 1, 1969, and the appointee to the Juvenile Court No. 3 shall take office on January 1, 1971. The appointees serve until the next general election and until a successor is duly elected and qualified. * * *"

From a reading of Article 5139VV, Senate Bill No. 295, and the history of these articles, it appears that they are in para materia and may be considered as one general subject although passed at different times in different sessions of the Legislature, 53 Tex. Jur. 2d 280, Statutes, Sec. 186; Attorney General's Opinion No. M-287 (1968); Duval Corp. v. Sadler, 407 S.W.2d 493 (Tex. Sup. 1966). The Legislative history of the juvenile court system in Harris County indicates that at the time of passage of Article 5139VV, which created the juvenile board of Harris County, only one juvenile court existed.

At all times subsequent to its enactment, an act should be given the same meaning that it had at the time of passage, Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929). Changed conditions, however, may allow the courts to interpret that statute to give effect to the intent of the Legislature as applied to the change. Wheeler v. Wheeler, 76 Tex. 489, 13 S.W. 305 (1890). It is also the duty of a court in construing a statute to make it workable and to harmonize the language used. Bailey v. State, 284 S.W. 574 (Tex. Crim. 1926). And further, Section 4 of Article 10, R.C.S. states the following statutory rule of construction:

"* * *

"4. The singular and plural number shall each include the other, unless otherwise expressly provided."

Article 10 (former Art. 5502, R.C.S. 1911) requires that a word in the singular also includes the plural of that word, e.g., "railroad" encompasses "railroads." International-Great Northern R. Co. v. Railroad Commission of Texas, 281 S.W. 1084 (Tex. Civ. App. 1926, error ref.); cert. den., 275 US 503, 48 S.Ct. 155, 72 L.Ed. 395.

It is our opinion that the word "judge" wherever used in Article 5139VV encompasses the plural word, "judges," when used in reference to the judge of the juvenile court of Harris County. It is evident that the intent of the Legislature in providing for membership on the Juvenile Board of Harris County was to include all judges of courts primarily responsibile or concerned with children and domestic relations. The rights, duties and obligations of the judges of all juvenile courts in Harris County sitting upon the Juvenile Board would be coextensive and equal, when

tried under the right Legislative "intendment," Headless v. Fryer, 208 S.W. 213 (Tex. Civ. App. 1919, writ dismissed).

Consequently, the juvenile board of Harris County is composed of the judges of the juvenile courts. The appointment and removal of the chief juvenile probation officer is made by the judges of the juvenile courts, subject to the approval of the board; at the request of the judges of the juvenile courts the board shall make investigations.

### SUMMARY

The judge of Juvenile Court No. 2 is a member of the juvenile board of Harris County, Texas, and the rights, duties, and obligations of the judges of Juvenile Court No. 2 are co-extensive and equal to that of the judge of Juvenile Court No. 1 of Harris County, Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bennie W. Bock, II
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Sarah E. Phillips
Louis Neumann