WILLIS WEST v. THE STATE.

No. 14667.   Delivered January 20, 1932.
Rehearing Denied March 16, 1932.

The opinion states the case.

*Myers & Pressly,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

This is the second appeal. Our opinion upon the former appeal will be found in 117 Texas Crim. Rep., 340, 37 S. W. (2d) 160.

Appellant, in this court, raises for the first time the right of the trial court to hold a session at the time the trial term of the court below was held. His contention rests on the fact that by the provisions of chapter 331, Acts Regular Session, 42d Legislature (Vernon's Ann. Civ. St., art. 199, subd. 29), the times for holding court in the counties comprising the 29th judicial district, in which Hood county is, were changed, and that in said county the first of the three terms of court provided for by said act was made to convene on the first Monday after the third Saturday in April, and might continue up to and including the third Saturday in May. Reference to the calendar shows that the convening date for said term of court thus fixed, would have been April 20, 1931, if said law had been then effective. However the bill containing the enactment was not approved by the Governor of Texas until April 27, 1931. The record before us shows that the trial term of the district court of Hood county, Texas, the county in which this trial was had, in fact convened on April 27, 1931, same being the date proper for its convening under the law as it was prior to the adoption of said chapter 331. Attention is called to the fact that said bill carried the emergency clause providing that same should take effect and be in force from and after its passage, by which last expression is meant from and after its approval by the Governor. Authorities are cited by appellant in his able brief, which are collated at page 797, 25 Ruling Case Law, whose holding is in effect that in the absence of evidence showing at what hour of the day an act was approved by the Governor, it is presumed to have been approved on the first minute of that day. In other words, appellant insists that noth-

ing to the contrary appearing, we must presume that Governor Sterling approved the bill in question at one minute after midnight on the morning of April 27, 1931, so that, in consequence, when court convened at Granbury in Hood county at or about the usual 9 o'clock a. m. of that day, it was without authority of law.

Another provision of the act as it appears in said chapter 331 (Vernon's Ann. Civ. St., art. 199, sec. 2), is deemed pertinent, viz: It is provided therein as follows: "If any court in any county of said judicial district shall be in session at the time this act takes effect, said Court shall continue in session until the term thereof shall expire under the terms of the existing law." If appellant's contention be sound, and we be forced to give effect to a presumption that said bill was approved before the court convened, then all business transacted during said term of court must necessarily become void and of no effect,—a condition obviously to be avoided, unless made necessary by law. It is said in the text, at page 798, 25 Ruling Case Law, that it would seem wrong in principle that laws designated as rules of conduct should be, by mere legal fiction, made retroactive even for a fraction of a day, and that to avoid this result the tendency now is to hold that a statute takes effect only from the exact moment of its approval, and that when necessary to determine conflicting rights,—courts of justice will inquire as to the exact hour of its passage (approval). Authorities are cited for so stating. This we think by far the sounder holding.

It is also held by some courts that if the question arises as to the time an act took effect, the court may resort to any source of information, unless the positive law has laid down a different rule. Gardner v. Barney, 6 Wall., 499, 18 L. Ed., 890. It is also held that the court may consult the original roll or other official records in order to ascertain the exact hour of the approval of the bill. Jones v. United States, 137 U. S., 202, 11 Sup. Ct., 80, 34 L. Ed., 691. Also that if the approving official,—the Governor in this instance,—coupled with his approval no statement of the hour at which the bill was signed, the records of the secretary of the state, the journals of the two houses of the Legislature, may be looked to. Gardner v. Barney, supra. It is also held that the question of the taking effect, in a case like this, is one which must be determined by the judge of the trial court, at least primarily. Attorney General v. Foote, 11 Wis., 14, 78 Am. Dec., 689. Also that it is a question to be based upon judicial knowledge and not upon evidence heard. State v. Bailey, 16 Ind., 46, 79 Am. Dec., 405.

Whether these authorities be in point, or regarded as binding by us, in what seems to be a matter of first impression in Texas, upon a state of facts which is deemed very unusual,—they make plain the proposition that the issue should have been raised before the trial court, whose judicial determination set out in a record could have placed before us the manner,

method and result of such determination. Not knowing what would have been such result, this court must refuse to indulge, when such question is here presented for the first time, the seemingly harsh and unjust presumption which would be necessary in order to conclude that this act was signed before the convening of the district court of Hood county on April 27, 1931. Presuming correctness in the action of the court, we hold the contrary. It necessarily follows that we do not agree with appellant's contention.

But one bill of exception appears in this record, which can not be considered because not filed in time. The motion for new trial was overruled on May 8, 1931, and notice of appeal was then entered. No order was made granting appellant more time for filing his bills of exception than allowed by statute. Article 760, subd. 5, C. C. P., grants appellant thirty days after adjournment of the trial term in which to file his bills of exception. The trial term of the court below adjourned May 16th, and said single bill of exception was filed July 6th.

The case was not one of circumstantial evidence, and the court did not err in refusing the special charge asked presenting this theory. The evidence is amply sufficient to justify the verdict and judgment.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

· MORROW, Presiding Judge.—The supplemental transcript fixing the date of notice of appeal and authority to file the statement of facts and bills of exception renders proper the consideration of the appellant's Bill of Exception No. 1. The bill reflects the complaint of the testimony of Pat Jackson to the effect that he had made to Howard Jackson the following remark: "In regard to this whisky, I asked Howard to get it."

The qualification of the bill is to the effect that the same testimony was received from Howard Jackson without objection. In the qualification, the court refers to the statement of facts, from which it appears that Howard Jackson did give in substance the same testimony as that of which complaint is made in the bill. Considered in the light of the record and the bill, as qualified, we think there appears in the bill no reversible error.

Touching the validity of the term of court, we content ourselves with the remarks made in the original opinion.

The motion is overruled.

*Overruled.*