## BARNHART et al. v. COUNTY BOARD OF SCHOOL TRUSTEES OF YOUNG COUNTY et al.

### No. 13579.

Court of Civil Appeals of Texas. Fort Worth.

July 9, 1937.

W. W. Ballard, of Wichita Falls, for plaintiffs in error.

Marshall & King and Fred T. Arnold, all of Graham, for defendants in error.

SPEER, Justice.

W. M. Barnhart, A. Burkett, and Elbert Taylor, as plaintiffs, sued the County Board of School Trustees of Young County, Texas, as a corporate body as well as the individual members of the board, the members of the board of trustees of Graham Independent School District, and the members of the Board of Trustees of the Flint Creek Common School District No. 51 of Young County, Texas, as defendants, in the district court of Young county, Texas. We

shall refer to the parties as they appeared in the trial court in so far as practical.

Plaintiff's petition reveals that on April 29, 1935, two of the three members of the Board of Trustees of the Flint Creek Common School District No. 51 petitioned the County Board of School Trustees of Young County to add and annex said common school district to the Graham Independent School District for high school purposes; that on May 7, 1935, the Board of Trustees for the Graham Independent School District likewise petitioned the county board to annex said Flint Creek Common School District No. 51 to said Graham Independent School District; that on May 9, 1936 (evidently should be 1935), at a meeting of the County Board of Trustees, an order was entered in compliance with the request of the boards of the respective districts.

The acts of the County Board of Trustees annexing the Flint Creek Common School District to the Graham Independent School District for high school purposes is the matter complained of by plaintiffs. The petition complained that the order of the county board was void, for reasons such as the Flint Creek District Board of Trustees had not petitioned for the change because only two members of the board of three signed the petition, and those two did not represent the district; that the acts of the Graham Independent School District Board in petitioning the county board was void, because no election had been called and a vote taken to determine the matter; because the Independent School District had more than seven elementary schools therein and because the area of the district was such as to preclude its enlargement by annexing the common school district as proposed.

The defendants answered with a general demurrer, special exceptions, and several special pleas. The general demurrer was sustained by the court, from which this appeal was perfected by writ of error and bond to this court.

Plaintiffs assign a single error, it being as follows: "The order of the County Board of School Trustees of Young County, Texas, annexing the Flint Creek Common School District No. 51 to the Graham Independent School District for High School purposes was void."

■ The purported assignment of error is not in fact a complaint by plaintiff of any action of the trial court. Obviously, the court had nothing to do with the action of the County Board of School Trustees in annexing the common school district to the Graham Independent School District; hence there is nothing before us for consideration other than fundamental error, if any is apparent of record.

From plaintiffs' brief we take it that they hoped to show this court that since they had alleged a state of facts which would show that the order of the County Board of School Trustees of Young County annexing the common school district with Graham Independent District was void, the petition was good as against a general demurrer. Assuming this to be the contention of plaintiffs, we are considering the assignment as if it were effective for that purpose.

We can find no fault in the action of the court in sustaining the general demurrer. As we have seen, there are only two districts affected by the order of the county board; they being the Graham Independent District and the Flint Creek Common School District No. 51. The petition shows that the board of trustees for the former district petitioned the county board for the annexation, and it also shows that two of the three members of the board of trustees for the latter district likewise petitioned the county board. That thereafter, acting upon the two applications, the county board made the order complained of.

Article 2922a, Rev.Civ.Statutes 1925, as amended (Vernon's Ann.Civ.St. art. 2922a), provides, among other things: "Provided also that the county school trustees may annex one or more common school districts * * * to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected."

■■ It is contended that because only two members of the Board of Trustees for the Flint Creek Common School District petitioned the county board, the district was not legally represented. The law prescribes that such districts shall have a board of three members. Article 2730, Rev. Civ.Statutes. The petition shows that two of them signed the petition, which constituted a majority of the board. The article from which we have quoted above does not provide that the request to the county board shall be unanimous by the petitioning board. The presumption prevails that such officers have properly performed the functions of their offices; that they have acted in compliance with the law rather

than that they have acted in noncompliance therewith; and that the county board would not be required to go back of the request when it appeared regular on its face. 34 Tex.Jur. p. 462, § 81.

Since we are treating the purported assignment of error as if it were fundamental, we may also add that the acts of the county board in the creation of school districts, changes in those formerly created, consolidating old districts, and annexing some of one class to those of another are discretionary matters with the county board in the administration of the affairs of public education in the county, they cannot be reviewed by the courts until the matters complained of have been taken before the State Board of Education in the manner provided by law.

In 37 Tex.Jur. p. 895, § 37, it is said: "The Courts will not ordinarily interfere with the discretionary power exercised by designated boards and officers in establishing and maintaining school districts, and in altering such districts after their formation, unless it is clearly shown that discretion has been abused, or that there has been fraud, undue influence or the like."

In the case decided since the text above quoted was published, styled State ex rel. Nevills v. Sanderson (Tex.Civ.App.) 88 S. W.(2d) 1069, 1070, it was said: "It is also well settled that a petition, in order to be sufficient to invoke the jurisdiction in such matters, must allege that resort has been had to the proper school authorities and a ruling had thereon, and, in the absence of such allegation, the petition is subject to a general demurrer." Several cases are cited by the court to which we also refer.

If it could be said that the petition by the two trustees of the Flint Creek Common School District could in any way affect the validity of the order of the county board in annexing that district to the Graham Independent District on May 9, 1935, the defects were cured by the validating Act of the 44th Legislature, 1935, Regular Session, chap. 221, p. 530 (Vernon's Ann.Civ.St. art. 2815g—7), which act became effective May 10, 1935, as well also by the Act of the First Called Session, 44th Legislature, 1935 (chapter 418), now article 2806a, Vernon's Ann.Civ.St. which act became effective on October 17, 1935. These validating acts covered almost every conceivable irregularity, oversight, inadvertence, and harmless dereliction in proceedings leading up to the formation, designation, consolidation, and annexation in matters of school districts, and, as stated, we believe the county board was warranted in accepting the petition and request of the two trustees of the common school district as in good faith being the act of the board of trustees of that district, yet these broad validating acts were passed by the Legislature to set all such apparent debatable deficiencies at rest; and we think they are sufficient for that purpose.

There is also the further serious question in our minds, in this case, as to whether the plaintiffs could maintain this suit in their own names and not in the name of the state upon their request; however, it is not necessary that we determine this question, and our conclusions are not influenced in any way thereby. Other matters discussed are sufficient to warrant the action of the trial court in sustaining the general demurrer to plaintiffs' petition.

We find no error in the action of the trial court, and the judgment is affirmed.