**DONIE INDEPENDENT SCHOOL DIST. et al. v. FREESTONE CONSOLIDATED COMMON SCHOOL DIST. NO. 13, et al.**

No. 2153.

Court of Civil Appeals of Texas. Waco.

April 6, 1939.

L. W. Shepperd, of Groesbeck, for appellants.

Geppert, Geppert & Victery, of Teague, for appellees.

PER CURIAM.

This suit was instituted by Freestone Consolidated Common School District No. 13 and its trustees, hereinafter called appellees or appellee district, against Donie Independent School District, its trustees and its school superintendent, hereinafter called appellants or appellant district, to enjoin appellant district from operating its busses for the transportation of pupils within the limits of appellee district. Appellees alleged, in substance, that pupils of scholastic age residing in appellee district had theretofore been transferred to appellant district; that appellants were operating their busses in appellee district and transporting such transferred pupils from their respective homes to the Donie School and returning them to their said homes; that the county school trustees had never routed said busses into or through appellee district; that the purpose of appellants in so transporting such pupils as aforesaid was to induce transfers from appellee district to appellant district, and thereby deprive appellees of the sum per capita apportioned to each pupil so transferred, and that appellants' action in so operating their said busses was arbitrary and without authority of law. Appellees further alleged that as the result of such action by appellants, they had already suffered damage in the sum of $600, and if permitted to continue, they would suffer further damage in the sum of $5000. Appellees' petition, duly verified, was presented to the judge of the court in chambers and the temporary injunction as prayed for was granted.

Provision is made by statute for the transfer of any child lawfully enrolled in one district to the enrollment of another district or independent district upon written application for such transfer by the parent, filed with the county superintendent. Such application must contain an affirmative statement that it is the bona fide intention of the applicant to send such child to the school to which the transfer is asked. All such transfers are required to be made by the county superintendent on or prior to August 1st of each year. Any district or independent district dissatisfied with any transfer so made may appeal from such action to the county board of trustees, who have authority to cancel or annul the same. R.S. Art. 2696, Vernon's Ann.Civ.St. Art. 2696.

Provision is made for the transportation of pupils to and from any school upon which they may be in attendance. In some instances, such authority is conferred directly upon the school district. R.S. Arts. 2813 and 2687a, Vernon's Ann. Civ.St. Arts. 2813, 2687a. Authority is also conferred upon the county school board to set up a system of transportation for the purpose of concentrating high school pupils. In that connection, it is further provided that districts through which such county operated busses may run may make provision with the county superintendent and county trustees to have any other pupils not otherwise provided for transported within and between their respective districts. Gen.Laws 45th Leg., Reg.Session, Chap. 474, Sec. 11. We do not consider it necessary to elaborate upon the provisions contained in the several articles above cited. We think the issue involved herein is clearly shown to be one arising in the administration of the school affairs of said county. The general management and control of such affairs is vested in the county school trustees of each county. R.S., Art. 2676, Vernon's Ann.Civ.St. art. 2676. Necessarily, under the general language used in said article, the county school trustees of each county are vested with a large discretion in the exercise of the powers so conferred, and the courts will not ordinarily interfere with their exercise of the same unless it is clearly shown that such discretion has been abused. Barnhart v. County Board of School Trustees, Tex.Civ.App., 108 S. W.2d 770, 772, par. 5; 37 Tex.Jur., p. 895, sec. 37. Appellees' allegations that the county school trustees had not authorized appellants to operate their busses over the route of which they complain does not show that the authority and control given to such trustees by the article last cited had ever been invoked. It has been held that a petition, to be sufficient to invoke the jurisdiction of the court in matters of detail pertaining to the general management of schools, must allege that application has been made to the proper school authorities and a ruling had thereon, and that in the absence of such allegation, the petition is subject to general demurrer. Barnhart v. County Board of School Trustees, supra; State ex rel. Nevills v. Sanderson, Tex.Civ.App., 88 S. W.2d 1069, 1070, par. 2, and authorities there cited; Trustees of Crosby Independent School Dist. v. West Disinfecting Co., Tex.Civ.App., 121 S.W.2d 661, 663, par. 3, and authorities there cited.

The order of the trial court granting a temporary injunction herein is, under the authorities above cited, reversed and said injunction dissolved.