**DISTRICT TRUSTEES OF TENNESSEE COLONY COMMON SCHOOL DIST. NO. 21 v. CENTRAL EDUCATION AGENCY et al.**

No. 10107.

Court of Civil Appeals of Texas. Austin.

Feb. 25, 1953.

Rehearing Denied March 18, 1953.

152

Joe R. Carroll, Palestine, J. C. Hinsley, Austin, for appellant.

Price Daniel, Atty. Gen., and Burnell Waldrep, Asst. Atty. Gen., for appellee Central Education Agency of Texas. Justice, Justice & Rowan by Wm. Wayne Justice, Athens, for appellee Cayuga Independent School Dist. No 902, Anderson County.

ARCHER, Chief Justice.

This is an appeal by the Trustees of Tennessee Colony Common School District No. 21, County of Anderson, State of Texas, appellant, from an adverse judgment of the 53rd District Court of Travis County, Texas, rendered in a suit brought by such appellant, as plaintiff, against the Central Education Agency, composed of the State Board of Education, the State Commissioner of Education, the State Board for Vocational Education and the State Department of Education; and against the Cayuga Independent School District No. 902 and the County School Trustees of Anderson County, Texas. Such suit was in the nature of an appeal from an order of the State Board of Education, sustaining a decision of the State Commissioner of Education, which held to be void and of no legal effect an order of the County School Trustees of Anderson County, transferring certain territory from the Cayuga Independent School District to the Tennessee Colony Common School District No. 21,

and in addition sought declaratory and injunctive relief with respect to such orders.

In its judgment the District Court sustained such orders of the State Board of Education and State Commissioner of Education as to the two tracts of territory involved designated First and Third Tracts and set aside such orders as to the remaining tract, Second Tract.

Trial was before the court without a jury. Findings of Fact and Conclusions of Law were filed by the trial court. In the Conclusions of Law the court in effect stated the basis of this judgment to be:

(1) The County School Trustees were not authorized to make the order of April 7, 1951, transferring the territory because the signers of the petition for such action did not reside on First and Third Tracts.

(2) The order was valid as to Second Tract because the petitioners did reside on that tract.

(3) Notice of Appeal was timely filed by Cayuga Independent School District on April 23, 1951.

(4) Notice of Appeal was sufficiently filed by the Cayuga Independent School District by leaving a copy of same with the President of the County School Trustees.

(5) The State Commissioner of Education had jurisdiction of the appeal of Cayuga Independent School District from April 7, 1951 order.

The appeal is founded on eight points assigned as error by the appellant and are directed to the error of the trial court in rendering judgment for the defendants as to First and Third tracts, and in sustaining the orders of the State Commissioner and the State Board of Education; in concluding as a matter of law that the County School Trustees of Anderson County did not have authority to act favorably upon the petition to detach tracts Nos. 1 and 3 and attach them to Tennessee Colony Common School District; in concluding as a matter of law that the notice of appeal was timely filed; in concluding that the notice was validly filed; that it was error of the court to render judgment as was done since neither the Commissioner nor the State Board of Education had any jurisdiction to consider the appeal; and finally in refusing to render judgment that the order of April 7, 1951 had been validated by an Act of the Legislature.

A controlling question for determination is whether the County School Trustees had authority to pass the order of April 7, 1951.

■ We do not believe that the County School Board was authorized by Article 2742f, Vernon's Ann.Civ.St., to act favorably upon the petition to detach the First and Third tracts (and do not pass on the authority of the Board to detach Tract No. 2), because the petitioners were not residents of either of said tracts.

Each of the three tracts of land described in the petition for detachment and annexation was a part of the Cayuga Independent School District. By an order dated April 7, 1951, the County Board of School Trustees detached all three of the tracts from Cayuga Independent School District and attached them to the Tennessee Colony Common School District. Each of these tracts was contiguous to the common boundary line of both the school districts, but none of such tracts was contiguous to any other of the tracts. The petitioners, Frank Carroll and wife, Thelma Carroll, lived on Second Tract, and were the only qualified voters residing thereon. No persons whatsoever resided on First and Third tracts. Third tract is wholly owned by a hunting and fishing club, the members of which reside in or near Palestine, Texas.

First Tract is the southernmost tract, Second Tract is the northernmost tract, and Third Tract lies in between the other two tracts. First Tract and Second Tract are approximately nine miles apart and the Third Tract lies about three miles south of Second Tract.

First Tract, the largest of the three, covers several thousand acres of land. Second Tract, the Carroll home place, does not contain more than two hundred acres of land. Third Tract, the second in size of the three tracts, is relatively small, in comparison with First Tract.

Section 1 of Article 2742f, V.A.C.S., reads as follows:

"Section 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles."

This question was passed on in Lakeview Common School Dist. v. County School Board of Trustees of San Saba County, Tex.Civ.App., 1931, 38 S.W.2d 598.

We note that the word "territory" is used in the statute in the singular.

■ The State Commissioner of Education is charged with the administration of the school laws and is vested with power to hear and determine appeals from the rulings and decisions of subordinate school officers, and is bound by the rules applying to administrative agencies in general. The statutes do not prescribe the rules of practice before the Commissioner and he is authorized to promulgate rules and to interpret them and is allowed a certain latitude of discretion in the application of such rules, and it was not an abuse of discretion on the part of the Commissioner in accepting the notice of appeal. 42 Am.Jur. 448, Sec. 115.

■ It was not essential that the notice of appeal to the County Board of School Trustees be filed with the County Superintendent, but the lodging of such notice with the Chairman of the County Board was sufficient to invoke the jurisdiction of such County Board.

A. G. Godley, Chairman of the County Board of School Trustees, in an affidavit stated:

"On Monday, the 23rd day of April, 1951, about 10:30 A.M., J. D. Youngblood, Superintendent of the Cayuga High School handed to me the following letter, to wit:
" 'A. G. Godley, President
County Board of Trustees
Cayuga, Texas
" 'Hon. Board of Trustees:

" 'The Board of Trustees of the Cayuga Public School met in Special Session on the 20th day of April with the following members present: Aubrey Boyd, A. A. Duncan, Aubrey McMahon, H. H. Davis, L. J. Gurganus, E. Baechtel, and Homer Rampy.

" 'After due consideration of the action of the County Board of Trustees in regard to the transferring of territory from the Cayuga Consolidated School District to the Tennessee Colony School Dist., the Board of Trustees of Cayuga School Dist. voted unanimously to appeal this matter from your decision to the State Commissioner of Education. The County Board of Trustees has the authority to re-open the case and reconsider the evidence and petitions asking for the transfer of territory signed by nonresidents.

" 'Article 2742f requires that a majority of the qualified voters of the territory to be detached sign the petition for detachment.

" 'We, the Board of Trustees of the Cayuga School Dist. feel that the law mentioned above has been set aside and the decision of the County Board isn't based on the "Public School Laws of Texas."

" 'In order to expedite matters in presenting appeals to the State Commissioner of Education, the transcript of the record must contain a certified copy of all evidence submitted by both sides. We, the Board of Trustees of the Cayuga School, request this certified copy of all evidence submitted by both sides to the case at bar before the County Board be prepared at an early date.

" 'Approved Aubrey Boyd
President
" 'E. Baechtel,
Sec'y'

"I am acquainted with and recognized the signatures of Aubrey Boyd and E. Baechtel, President and Secretary, respectively, of the Board of Trustees of Cayuga Independent School District No. 902, Anderson County, Texas, which were subscribed to the letter.

"I immediately held a long-distance telephone conversation with R. H. Johnson, County Superintendent of Anderson County, Texas, who was at the Court House, in Palestine, Texas, informed him of the contents of the letter, and instructed him to call a special session of the County Board of School Trustees for the following Saturday, the 28th day of April, 1951, in order that the case could be reconsidered by the Board. At that meeting, which was duly held, I presented the letter quoted above to the Board.

"It is stated in 'Rules for Procedure in Appeal Cases,' (Bulletin No. 506, State Department of Education, 1949) that, 'In all cases of appeal to the county superintendent from the action of the local board of trustees, notice of same must be filed with the local board within fifteen days * * * The same rule shall apply to cases appealed from the decision of the * * * county board of trustees to the State Superintendent of Public Instruction."

█ We believe that the State Commissioner of Education and the State Board of Education had appellate jurisdiction over the order of County Board of School Trustees of Anderson County, Texas, detaching certain tracts from Cayuga Independent School District and attaching them to Tennessee Colony Common School District.

The order of the County Board was entered on April 7, 1951; notice of appeal was filed on April 23, 1951, by Cayuga Independent School District.

On July 31, 1951, the Commissioner entered his decision holding such order void and of no legal effect. Tennessee Colony Common School District appealed from the Commissioner's order, and on October 6, 1951, the State Board sustained the order, and from this order an appeal was taken to the 53rd Judicial District Court of Travis County.

The appellant makes the contention that the sole remedy of the Cayuga District against the April 7, 1951 order was by quo warranto proceedings, the appellees, while admitting that such proceedings would have been a proper one, but that such proceedings were not the only source of relief.

We believe that it was proper and in accordance with the statutes to take the procedure, as was done by appeal. Rule 782, Texas Rules of Civil Procedure; Article 6258, R.C.S.; Article 2656, V.A.C.S.; County School Trustees v. Common School Dist. No. 6, Tex.Civ.App., 1926, 284 S.W. 306; Stinson v. Graham, 286 S.W. 264, error ref.; Barnhart v. County Board of School Trustees, Tex.Civ.App., 108 S.W.2d 770.

The appellant cites a number of cases and makes a forceable presentation that the Commissioner and the State Board had no jurisdiction to set the order of April 7, 1951 aside, because the Cayuga District never perfected an appeal within fifteen days. We overrule this contention in view of what has hereinabove been said.

██ The appellant's eighth point is that the order of April 7, 1951 had been validat-

ed by an Act of the Legislature and that the court erred in not so holding.

The notice of appeal was given by Cayuga District on April 23, 1951.

House Bill 86 of the 52nd Legislature (now Article 2815g–45, V.A.C.S.) was approved by the Governor on April 23, 1951, and by virtue of the emergency clause became effective immediately after it was approved.

The trial court in his Conclusions of Law held that the Commissioner had jurisdiction of the appeal.

Section 1 of H.B. 86, supra, provides that all acts of the County Board of Trustees—in detaching and attaching of territory—are—validated.

Section 3 of H.B. 86, supra, provides that:

"This law shall not apply to any district which is now involved in litigation * * * the validity of * * * annexation of territory * * * now pending before the County Boards of Education, State Commissioner of Education or before the State Board of Education in which proceedings the validity of * * * annexation of territory * * * is attacked. * * *"

There is nothing in the record to show the exact time that the bill was signed, and no presumption should be indulged that it became effective before the Cayuga District gave notice of appeal.

The burden was on the appellant to show that the validation act was passed and approved before the district gave notice of appeal, and we hold that the validating act did not affect Cayuga District's right of appeal. 50 Am.Jur. 523, Sec. 510; West v. State, 120 Tex.Crim. 280, 47 S.W.2d 324; Monroe Loan Society of New Hampshire v. Nute, 88 N.H. 13, 183 A. 703.

Since we are affirming the judgment of the trial court we do not pass on appellees' counterpoint that appellant failed to use due diligence in allowing seventy-six days to expire before appealing from the order of the State Board of Education.

We express no opinion as to the propriety of the trial court in setting aside the order of the State Board of Education and State Commissioner of Education as to the Sec-

ond Tract, since no exception was taken to such action.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Even if the appeal was not made and perfected timely, we believe the order involved to be void.

Munday Independent School District v. Knox City Independent School District, Tex.Sup., 254 S.W.2d 381.