CITY NAT. BANK OF SAN ANTONIO v. STEADMAN. (No. 8253.)

Court of Civil Appeals of Texas. San Antonio. Oct. 9, 1929.

Rehearing Denied Oct. 30, 1929.

Spencer, Rogers & Lewis, of San Antonio, for plaintiff in error.

Jas. G. Cook, of Sinton, for defendant in error.

FLY, C. J. J. S. Steadman, defendant in error herein, sued A. W. Capel and his wife, Zenobia Capel, for $262.50, alleged to be due as commissions for the sale of certain land in San Patricio county. He obtained judgment

against A. W. Capel. Prior to obtaining judgment Steadman applied for and obtained a writ of garnishment against plaintiff in error, the City National Bank of San Antonio, herein called garnishee, which denied that it was in possession of any funds and other effects belonging to the defendants, and did not know of any person or corporation indebted to defendants. Judgment was rendered against garnishee for the amount of the judgment against defendants, because the answer of garnishee did not state that it did not know of any person having any effects belonging to defendants. Garnishee does not appear to have been present when the judgment was rendered against it. There was no controverting affidavit.

About three days before this cause was submitted defendant in error, through his attorney, filed a motion, supported by affidavit, asking that the writ of error be dismissed, because pending the same the plaintiff and defendant in the court below had effected a full settlement, and the plaintiff had executed to him a full release of the judgment, and therefore all questions in the pending writ of error had become moot. It is undoubtedly true that the vitality of a judgment against a garnishee depends upon the existence of an active judgment against the defendant in the basic proceedings, and the payment of that judgment disposes of the judgment against the garnishee, and it would necessarily follow that the writ of error should be dismissed.

However, we are of opinion that the plaintiff in the court below, defendant in error herein, cannot by accepting payment of his judgment cast the costs of this writ of error against the garnishee. This is especially true in view of the fact that this court does not believe that a judgment by default should have been rendered against the garnishee. There is no direct statute requiring the garnishee to answer that he knows of any one who is indebted to or who has effects belonging to the defendant; the only reference to that matter being in article 4081, Revised Statutes, which gives a form of writ that may be used in garnishment proceedings, and in article 4085, which requires the garnishee to make true answers to the several matters inquired in the writ of garnishment. It is affirmatively provided in article 4086 that the garnishee shall be discharged if his answer discloses that he is not indebted nor has in his possession effects belonging to the defendant. There is no mention of indebtedness or effects held by some third party, and it is provided that, when such answer is made, the garnishee shall be discharged in the absence of a controverting affidavit. We have not discovered a decision contrary to this view of the statute. Our construction of the statute is given not as a precedent, but only to indicate that plaintiff in error had grounds to prosecute its writ of error, and that the defendant in error cannot by a compromise with his judgment creditor destroy those grounds and place the costs on plaintiff in error.

The writ of error will be dismissed, but the costs in this and the lower court incurred by plaintiff in error will be assessed against defendant in error, including the attorney's fee of $25, assessed in the lower court.

Dismissed.