## COUNTY BOARD OF SCHOOL TRUSTEES et al. v. GRAY et al.

### No. 2114.

Court of Civil Appeals of Texas. Eastland.

June 21, 1940.

Rehearing Denied July 15, 1940.

Frank Sparks, of Eastland, for appellants.

M. E. Lawrence, of Eastland, for appellees.

GRISSOM, Justice.

The Boards of Trustees of Mangum Common School District No. 53 of East-land County and Carbon Independent School District of Eastland County presented their joint petition to the County Board of School Trustees of Eastland County asking the county board to annex Mangum Common School District to Carbon Independent School District. The names of all the trustees of said petitioning districts were signed to the petition and, on March 12, 1940, it was presented to and acted upon by the County Board, and that board duly entered an order annexing Mangum Common School District to the Carbon Independent School District.

This suit was instituted by N. B. Gray et al., against said County Board, the County Superintendent of Schools of Eastland County and the Carbon Independent School District. Plaintiffs sought to enjoin defendants from putting said order into effect. Plaintiffs alleged the order was void, among other things, because (1) defendants were attempting to effect a "consolidation of the two school districts without the consent of the entire Board of School Trustees of Mangum Common School District" and (2) because no election had been held in the Mangum Common School District, at which a majority of the voters of said district voted in favor of "consolidation, annexation or any other form of uniting the two districts." (3) For the same reasons, plaintiffs alleged that if defendants were attempting to group said districts for rural high school purposes, the order was void. Plaintiffs alleged that the Mangum district "had a scholastic population of twenty" and that the "Mangum Common School District No. 53 is a Common School District, having less than 400 scholastic population, and that the Carbon Independent School District is an independent school district having 250 or more scholastic population", and that said County Board had no authority to "consolidate" said districts, or to annex the Mangum district to the Carbon district.

Upon a trial to the court judgment was rendered enjoining defendants from putting into effect its order annexing the Mangum district to the Carbon district. The defendants have appealed.

We have not been favored by a brief for appellees, but appellees, and the court, evidently construed Chapter 19A, Vernon's Texas Civil Statutes, 1936, entitled "Rural High Schools", as authorizing the formation of only rural high schools, and, in par-

ticular, as not authorizing the annexation of a common school district to an independent district by action of the County Board with the consent of the trustees of the districts affected.

Article 2922a provides that the County School Trustees shall have the authority to form rural high school districts by "grouping" certain common and independent school districts "for the purpose of establishing and operating rural high schools", but said statute further recites: "provided also that the county school trustees may *annex* one or more common school districts * * * to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected; provided that when one or more common school districts are so annexed * * * to an independent district having two hundred and fifty, or more scholastic population, * * * a board of trustees shall be elected from the district at large and shall have the management and control of the district as enlarged until the time of the next election and qualifications of trustees for common and independent districts, as provided by General Law."

Article 2922b provides that rural high school districts shall be classed as common school districts. It further recites: "provided that all independent school districts *enlarged* by the *annexation* thereto of one or more common school districts *as provided for in Article 2922a* shall retain its status and name as an independent school district, and shall continue to operate as an independent school district under the provisions of the existing laws and the laws hereafter enacted governing other independent school districts, except as otherwise provided for herein."

Article 2922f prescribes the manner in which elementary schools may be abolished. As evidence of the fact that Chapter 19A deals with other schools than rural high schools, we call attention to the fact that article 2922f provides for the consolidation of white and colored schools by the board of trustees of "rural high school districts or an independent district, as the case may be * * * ." Said article further provides: "Whenever one or more common school districts are annexed * * * to an independent district under the provisions of Section 1, [by section 1 is meant Art. 2922a], such * * * independent district shall maintain elementary schools of such classification as the county board may designate in each district so annexed, for the same length of term provided for the schools of the said * * * independent district. Provided such schools may be discontinued by the local board of trustees when the average daily attendance of any such schools for the preceding year is less than twenty."

Article 2922h, dealing with the outstanding bonds of school districts, refers to rural high school districts and to "independent district[s] to which one or more common school districts are annexed, as herein provided for * * * ."

Article 2922*l*, relative to the power of a board of trustees of a school district to levy and collect taxes, among other things, states: "provided that the local taxes previously authorized by a district * * * annexed to a * * * independent school district, as provided for herein, shall be continued in force until such time as a uniform tax may be provided for the benefit of the rural high school district or said common or *independent district as enlarged by the annexation of said common school districts thereto.*"

Article 2922*l* (1) provides, among other things, that the trustees of an independent school district which levies and collects a maintenance tax shall admit into the public schools of the district, free of tuition, all persons over six and not over 21 years of age at the beginning of the scholastic year, if such person or his parents, or legal guardian, resides within said common or independent school district. Section 2 of said article also refers to independent school districts.

Although Chapter 19A deals principally with rural high schools, it provides that the County School Trustees may annex a common school district to an independent school district, having 250 or more scholastic population, upon the approval of the board of trustees of each school district affected. It further provides that when a common school district has been annexed to such an independent school district the independent district, so enlarged by the annexation thereto of a common school district, shall retain both its status and name as an independent school district and shall continue to operate as an independent school district.

■ We construe the statutes in question, to-wit, Arts. 2922a to 2922*l* (1), Ver-

non's Texas Civil Statutes 1936, as authorizing the County Board of School Trustees to do exactly what it did under the circumstances that admittedly existed at the time of its annexation of the common school district to the independent school district.

It has been held to be immaterial whether or not one of the trustees of the Mangum district desired to withdraw his name from the petition for annexation, in that it has been determined that it is only required that a majority of said board sign such petition consenting to the annexation. Barnhart v. County Board of School Trustees, Tex.Civ.App., 108 S.W.2d 770, 771,

No election was required. The consent of the trustees of both districts was sufficient to authorize the annexation by order of the County Board of School Trustees. 37 Tex.Jur. 880; Brockman v. Echols, Tex.Civ.App., 22 S.W.2d 686; Countz v. Mitchell, 120 Tex. 324, 333, 38 S.W.2d 770. See also Page 1642, Chapter 418, Acts 44th Leg., First Called Session, 1935, Vernon's Tex.Civ.St.1936, art. 2806a.

The judgment of the trial court is reversed and judgment rendered dissolving the injunction.

(Italics in the opinion are the court's.)