## STALLINGS v. JIM HANDLEY, Inc., et al.
### No. 11640.

Court of Civil Appeals of Texas.    Galveston.

July 13, 1944.

W. B. Lewis and James Ingram, both of Houston, for appellant.

Nat Friedman and J. Curtiss Brown, both of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellees.

GRAVES, Justice.

On the 27th day of February, 1941, the appellant, here, in her main suit below, ob-tained a judgment against J. B. Handley, personally, in the County Court at Law of Harris County, Texas, for $774.90, the cause number being 45872, styled Avis Stallings, Plaintiff, v. Jim Handley, Defendant. On the 9th day of June, 1943, the plaintiff in that cause filed application for writs of garnishment after judgment, bearing No. 45872-A, in the same County Court at Law of Harris County, Texas, wherein she, this appellant, applied for a writ of garnishment, each against Jim Handley, Inc., a corporation, Guardian Trust Company, a corporation, the First National Bank in Houston, a corporation, and Mildred Handley, who are the appellees herein, alleging therein that on the 27th day of February, 1941, in such cause No. 45872, the appellant had obtained a personal judgment against Jim B. Handley, Defendant, in the sum of $774.90, with accrued interest thereon of $109.09, and cost of suit in the amount of $4.30, and that such judgment was valid, subsisting, and remained wholly unsatisfied.

In due course the appellees, Jim Handley, Inc., and Mildred Handley, duly filed their motion to quash the garnishment for the reason that those two appellees had not been made parties defendant in such main suit, nor had there been a judgment obtained against either of them in that suit, hence the ancillary garnishment proceedings against them were without proper basis in law, and were not enforceable.

The trial court heard this motion of the two appellees named and quashed the garnishment proceedings as against them, on the ground they so declared upon. Accordingly, on the 26th day of June, 1943, the court discharged the proceedings as against Jim Handley, Inc., and Mildred Handley, and further ordered that the First National Bank in Houston and the Guardian Trust Company should neither be required to file answers as garnishees for Jim Handley, Inc., and Mildred Handley, nor required to hold in suspense any funds, or effects, belonging to the two named appellees, and that these appellees themselves were discharged from the garnishment proceedings, except as garnishees, which they were required to answer in that capacity.

All of the appellees thereupon complied with the orders of the court with reference to so answering as garnishees, denying that they owed J. B. (or Jim) Handley

anything, except the Bank reported its books showed a 73-cent balance in his favor. Although appellant excepted to that order, she has presented to this court no appeal therefrom, as against any of the appellees now here.

Thereafter, in a trial of the cause on its merits before a jury, and after the appellant had presented all of her testimony and had rested, the trial court, in response to motions therefor filed at that stage by all the appellees, granted all of such motions and rendered judgment in favor of the several appellees against appellant, under this recitation:

"The court, having considered same, heard argument of counsel, and determined that plaintiff failed to discharge her burden of proof, and that, as a matter of law, no issue or issues were raised by the evidence to be submitted to the jury under plaintiff's pleading and proof, as adduced before the court and jury."

It was further decreed that appellant recover against the Bank the 73 cents referred to, supra, as having been a balance due J. B. Handley upon its books, and that each of the appellees recover against appellant specified respective sums as attorney's fees, incurred by them in the garnishment proceedings.

Appellant presents these three points of error in protest against the judgment so adverse to her below, to-wit:

"Point One. The court should not have granted an instructed verdict in this case, and erred in so doing, because, under the evidence, the 'Jim Handley, Inc.' is a one man corporation, owned and controlled by Jim Handley, to conduct his business; that same is a 'One Man Corporation', owned and controlled by Jim Handley and his family, a family corporation, used and controlled by Jim Handley, to conduct his business, and to defraud his creditors, thereby enabling him to avoid paying judgments against him.

"Point Two. The Court should not have instructed the jury in this case to find for the defendants, and erred in so doing, because the evidence showed that 'Jim Handley, Inc., is a family corporation', in which Jim Handley conducted his individual business to defraud his creditors; that same was his 'Alter Ego'.

"Point Three. The trial court should not have entered a judgment and decree on the date of 26th day of June, 1943, quashing the Garnishment against Jim Handley, Inc., and Mildred Handley, and holding that the various banks need not answer, for in so doing, Jim Handley was enabled to defraud his creditors and refuse to pay his honest debts, because the funds of Jim Handley was deposited in the name of Jim Handley, Inc."

██ None of these contentions, it is determined, should be sustained. Disposing of the third one first, as the preceding statement of the facts has disclosed, appellant prosecuted no appeal whatever from the interlocutory order of the trial court entered on June 26 of 1943, among other orders affecting the other parties, quashing the garnishment writ as against appellees, Jim Handley, Inc., and Mildred Handley, hence, under Rule 385, Texas Rules of Civil Procedure, regulating appeals from such orders to the Courts of Civil Appeals, she sinned away her day of grace within which she might have, under Section (b), had that order reviewed here.

██ However, should the assignment be considered here, it would have to be overruled anyway, because the law seems well settled in Texas, under Article 4076, Section 3, of Vernon's Texas Civil Statutes, that in such circumstances no judgment in garnishment could have been rendered against any of the appellees, and especially against Jim Handley, Inc., and Mildred Handley, for the reason that they had not even been parties to the appellant's main suit for debt in the county court at law, nor had any judgment therein been rendered against them.

In other words, no garnishment against the funds of these two appellees in the hands of the other appellees, who are alleged to have money or assets belonging to those two appellees, without its having been first determined in some way that those two appellees were indebted to the plaintiff in garnishment, would lie. Article 4076, Vernon's Civil Statutes of Texas, Vol. 13, page 1, Section 3; Automobile Finance Company v. Bryan, Tex.Civ.App., 3 S.W. 2d 835–840; City National Bank of San Antonio v. Steadman, Tex.Civ.App., 21 S.W.2d 23; Buie-Crawford Company v. Cleburne National Bank, Tex.Civ.App., 111 S.W.2d 830.

Appellant's points one and two together make the single contention, contrary to the

quoted findings of the court itself in the judgment rendered, that the evidence she adduced showed that "Jim Handley, Inc.", instead of being a legal and bona fide corporation under the statutes of Texas, had in fact all through the transactions here involved been merely a fraudulent dummy or alter ego for the individual J. B. (Jim) Handley, to the extent that the court of equity should have looked through its pseudoform and so found it to be, in order to prevent the continuing fraud upon appellant's rights it so constituted the instrumentality of.

■ In response to this complaint, this court has carefully examined the entire statement of facts, with the result that it finds no such evidence with the purport as asserted by the appellant; on the contrary, it agrees with the trial court that, as a whole, that testimony was legally insufficient to raise any issue of fact over the existence of any such fraudulent misuse of the incorporation statutes as appellant so relies upon as her sole dependence in this cause.

That evidence consisted, in the main, of, first, a copy of the articles of incorporation of the company, of date August 15 of 1942, along with full testimony from Mr. and Mrs. Handley and Mr. M. M. Williams. The record is entirely devoid of any evidence of any character, which would show by any reasonable interpretation, fraud perpetrated by Jim Handley. On the other hand, it does show that Jim Handley, Inc., is not a family-corporation, that at the time the corporation was formed there was another party as an incorporator joined in the application for a charter, who was in no way connected with the Handley family, that subscriber having had one-quarter of the capital stock of the corporation; the appellant having subpoenaed the books and records of the corporation, did not in any way show that the stock of the corporation was exclusively owned by the Handley family.

Mrs. Handley testified, as secretary of the corporation, that on September 9, 1942, just a few days after the corporation was organized, there was entered on her records the issuance of a stock certificate in favor of Patrick Handley, by reason of the transfer of the stock in the name of J. B. Handley. Previously, J. B. Handley testified that the stock he had—by reason of being one of the incorporators—resulted from the fact that Patrick Handley advanced the funds with which to aid in forming this corporation, and that as a matter of fact and in truth such stock actually did belong to Patrick Handley, and was so duly transferred from J. B. Handley to Patrick Handley, immediately after the corporation was formed.

■ In such circumstances and in that state of the evidence, it seems clear, under our authorities, the burden in garnishment proceedings being upon the plaintiff therein to clearly show that the sums sought to be impounded thereby are subject to garnishment and belong to the defendant therein, that appellant in this instance wholly failed to meet that burden. 17 Texas Jurisprudence, Section 409, page 909; Cornish v. Nance Motor Co. et al., Tex.Civ.App., 13 S.W.2d 139; Thomas v. Missouri-Kansas-Texas R. R. Co. of Texas, Tex.Civ.App., 178 S.W.2d 881.

There are other grounds upon which different ones of the appellees were entitled to the acquittance given them, but, since all were so plainly, in this court's opinion, shown to have been entitled to it under what has been said, it seems unnecessary to extend the opinion further.

The trial court's judgment will be affirmed.

Affirmed.