

# THE ATTORNEY GENERAL 1267

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 28, 1948

Hon. Wallace T. Barber
County Attorney
Hays County
San Marcos, Texas

Opinion No. V-642

Re: Legal status of San
Marcos Independent School
District under the facts
submitted.

Dear Sir:

Your request for an opinion of this office states that prior to 1944 the San Marcos Independent School District was a municipal district and on December 12, 1944, pursuant to an election became separated from municipal control.

On March 12, 1945, by virtue of an order of the County Board of School Trustees, three contiguous common school districts, each with a scholastic population of less than 400, were annexed in accordance with the provisions of Article 2922a, et seq., Vernon's Civil Statutes, to the San Marcos Independent School District, the latter having a scholastic population of more than 250 to form a rural high school district. The legally qualified electors of the entire territory containing more than 100 square miles in area had previously voted in favor of the formation of a rural high school district on March 3, 1945, in accordance with Article 2922c. The proceedings were validated by Acts 49th Legislature, Ch. 210, page 290, as an independent school district. Article 2815g-33, V.A.C.S.

Pursuant to a resolution dated June 7, 1945, the Board of Trustees of San Marcos Independent School District and Article 2792, V. C. S. designated the assessor and collector of taxes of Hays County as the assessor and collector for the Independent School District.

Subsequently, bonds were voted and issued by the school district upon petition presented to the district trustees. The returns of the election were canvassed and the results declared by the Board of Trustees of the district. Pursuant to such election the Board of Trustees of the San Marcos Independent School District entered an order directing the issuance of bonds and providing for the levy and collection of a tax annually in an amount sufficient to pay the interest and sinking fund of such bonds at maturity. These bonds were approved by the Attorney General of Texas and registered in the office of Comptroller of the State of Texas. The approval of the bonds concludes that "They are valid and binding obligations upon said San Marcos Independent School District."

The Board of Trustees of San Marcos Independent School District is desirous of establishing its own tax office where the valuations may be equalized by a Board of Equalization, the members of which to be appointed by the School Board and where the property values may be fixed and raised with a view to producing sufficient revenue to pay the teachers in accordance with the minimum salary schedule and to pay the other necessary maintenance expenses of the district.

Question No. 1 : Is the San Marcos Independent School District, same being a rural high school district, classed as a common school district and governed by the laws relating thereto except as modified by the rural high school laws, or is said district classed as an independent school district and governed by the laws relating to independent school districts except as modified by the rural high school laws, Chapter 19A?

Question No. 2 : For tax purposes, is the entity known as San Marcos Independent School District governed by and bound to follow Article 2922L or is it governed by and bound to follow Article 2791?

Article 2922a, V. C. S., reads, in part, as follows:

"In each organized county in this State and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools, provided also that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or more scholastic population or to an independent district having two hundred and fifty or more scholastic population . . ."

Article 2922b, V. C. S., is as follows:

"Rural high school districts as provided for in the preceding article shall be classed as common school districts, and all other districts, whether common or independent, composing such rural high school district shall be referred to in this Act as elementary school districts; provided that all independent school districts enlarged by the annexation thereto of one or more common school districts as provided for in Article 2922a shall retain its status and name as an

> independent school district, and shall continue to operate as an independent school district under the provisions of the existing laws and the laws hereafter enacted governing other independent school districts, except as otherwise provided for herein."

In its opinion number V-562, this office stated:

> "Furthermore, it has been held in Trinity Independent School District v. District Trustees, etc. 135 S.W. (2d) 1021 (writ refused) that where there has been annexation of common school districts to an independent school district having 250 or more scholastics under the provisions of Article 2922a, these annexations by virtue of the provisions of article 2922b have not changed the status of the independent district to a rural high school district. County Board of School Trustees v. Gray, 142 S.W. (2d) 697, writ refused."

The facts in the cited Trinity case reveal that an election was called by the County Board of Trustees to determine whether that Board acting under the power granted in Article 2922a would be authorized to annex two common school districts to the Trinity Independent School District. The election having carried by majority vote over the proposed district as a whole, its area being greater than 100 square miles, the Board ordered the common school districts be annexed to Trinity Independent School District to form a unit for high school purposes. The facts herein submitted appertaining to the San Marcos Independent District are identical in nature with the facts of the Trinity case, except that with respect to the San Marcos Independent School District, three common school districts were annexed thereto to form a unit for high school purposes.

The enlargement or annexation proceedings of the San Marcos Independent School District show that the district was formed after an election thereon by annexing three common school districts, each having a scholastic population of less than 400 scholastics, to the then San Marcos Independent School District, having a scholastic population of more than 250.

We quote from the Trinity case, supra, at page 1023:

> "While the record shows that there have been consolidations and annexations of school districts with Trinity Independent School District, under the express terms of Article 2922b those annexations and consolidations have not changed the status of the Trinity Independent School District from an Independent district to a rural high school district . . ."

In Opinion V-562, we further stated that in Live Oak County Board, etc. v. Whitsett Common School District, 181 S. W. (2d) 846, (writ refused)

it was held that where there has been annexation of six common school districts to an independent school district having 250 or more scholastics after an election held as required under Article 2922c, the district so created was a rural high school district composed of seven elementary school districts, and was not, as therein contended, to be considered as a single enlarged independent school district.

In the Whitsett case, supra, the status of the Three Rivers Independent School District as to whether it was a rural high school district classified as common under Article 2922b, or an enlarged district which retained its status and name as an independent school district under Article 2922b, was not in issue. The court throughout its opinion repeatedly refers to the district enlarged by annexation as the Three Rivers Independent School District, and never refers to it as a rural high school district classified as common under Article 2922b. It held in effect that the Three Rivers Independent School District by virtue of an order passed by the County Board pursuant to an election held under Article 2922c was composed of seven elementary school districts, one of which was an independent school district and six of which were common school districts. Thus construed as composed of seven elementary districts and under Article 2922c as it then read, the court ruled that the County Board may annex other districts to the Three Rivers Independent School District only after an election authorizing same wherein each of the elementary districts to constitute the enlarged rural high school unit shall vote in favor thereof.

See also Frio Independent School District et al v. Sabinal Independent School District, et al, 192 S.W. (2d) 899; Hankins v. Connolly, 206 S.W. (2d) 89; Sabinal Independent School District v. County Board, 211 S.W. (2d) 331.

Your factual situation reflects that the San Marcos Independent School District has always operated as an independent district. Furthermore, we are advised by the Department of Education that all independent districts enlarged by the annexation procedure set out in Article 2922a, or enlarged like the San Marcos Independent School District by annexation under Articles 2922a and 2922c have always been recognized and listed by that Department as independent school districts and have never been treated or regarded as rural high school districts classified as common.

The construction placed upon the statutes in question by this office is to the effect that the status of the San Marcos Independent School District was not changed by the annexation referred to in your opinion request and that it comes within the category of an independent school district and within the purview of Article 2922b which states, "shall retain its status and name as an independent school district under the provisions of existing laws." Therefore, in answer to your question No. 1 it is the opinion of this office that the San Marcos Independent School District is an independent district and governed by the laws relating thereto. It is, however, an independent school district enlarged for rural high school purposes and composed of four

elementary school districts and is not a single enlarged independent school district. It is a hybrid form of independent school district to be governed by the laws applicable to independent school districts, except as otherwise provided in the rural high school laws. Article 2922b, Whitsett case, supra.

Retaining its status and name as an independent school district and being subject to the laws applicable to independent school districts in the matter of collection and assessment of its taxes, it is the opinion of this office that the San Marcos Independent School District would be authorized to employ its own tax collector by the clear and unmistakable provisions of Article 2791.

The remarks stated in the last two sentences of the second paragraph on page 4 of our opinion No. V-562, the same being erroneous in part and unnecessary in support of the holding of that opinion, should be disregarded.

## SUMMARY

San Marcos Independent School District did not lose its status as an independent school district by reason of annexation within the meaning of Article 2922b, V.C.S., and such independent school district comes within the purview of Article 2791, V.C.S., which authorizes the appointment of a tax collector for an independent district.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

By: Chester E. Ollison
Assistant

ATTORNEY GENERAL

Burnell Waldrep
Assistant

CO:mw:wb:erc:egt:vmb