

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

May 10, 1948

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Opinion No. V-562

Re: Incorporation of a
Rural High School
District

Attn.: Hon. T. M. Trimble
First Assistant

Dear Sir:

        We refer to your letter of recent date request-
ing an opinion on whether a rural high school district
classed as a common district under Article 2922b, Ver-
non's Civil Statutes, may under the incorporation stat-
utes, Articles 2757 and 2742j, as amended, incorporate
itself into an independent school district.

        Article 2922b insofar as the same is perti-
nent to this opinion provides:

        "Rural high school districts as pro-
    vided for in the preceding article (Art.
    2922a) shall be classed as common school
    districts, and all other districts, wheth-
    er common or independent, composing such
    rural high school district shall be re-
    ferred to in this Act as elementary school
    districts; . . ."

        Article 2922a provides, in part, as follows:

        ". . . Provided that the county school
    trustee shall have the authority to abolish
    a rural high school district on a petition
    signed by a majority of the voters of each
    elementary district composing the rural high
    school district and where such district has
    been abolished the elementary districts shall
    automatically revert back to their original
    status, . . ."

        When school districts are consolidated under
provisions of Article 2806 they cease, for most purposes

at least, to have any independent existence.  On the other
hand, when school districts are grouped or one or more
annexed to another under the authority of the rural high
school district statutes, Articles 2922a to 2922L inclu-
sive, to form a rural high school district, the former
districts composing the rural high school district do not
cease to have an independent existence.  State v. Caden-
head, 129 S.W.(2d) 743, (writ ref.); Trinity Independent
School Dist. v. District Trustees, Etc., 135 S.W.(2d)
1021, (writ ref.); Weaver v. Board of Trustees of Wilson
Ind. Sch. Dist., 184 S.W.(2d) 864.  It has been held al-
so that where a common school district has been convert-
ed into an independent school district in accordance
with incorporation statutes, the old common school dis-
trict ceased to exist and an entirely new district was
created thereby; further, that all maintenance taxes
theretofore voted by the common district ceased to be in
force.  Pyote Independent School Dist. v. Dyer, 34 S.W.
(2d) 578 (Com. App.) followed in Bigfoot Independent
School District v. Genard, 116 S.W.(2d) 804, affirmed
in 129 S.W.(2d) 1213, Commission of Appeals memorandum
decision.

Thus, it is clear that when a county school
board creates a rural high school district in accordance
with Articles 2922a, et seq., and where high school dis-
trict under Article 2922b is classed a common school dis-
trict, the districts which compose the rural high school
district have not ceased to have an independent or separ-
ate existence.  In fact, Article 2922f provides that the
county school board shall _not_ have the authority to abolish
or consolidate any elementary school district already es-
tablished _except_ upon a vote of a majority of the quali-
fied electors residing in such elementary district.  Fur-
ther, when a rural high school district classed as com-
mon is created, there is not thereby created a new com-
mon school district entity entitled to all the privileges
of the laws applicable to common school districts as com-
monly recognized and understood, but rather there is
thereby created a rural high school district (distinct
in nature from a common school district) composed of sev-
eral existing common and/or independent school districts,
which rural high school district is classed as common by
Article 2922b to accomplish the intended purpose of the
rural high school district statutes.

We quote from County Board of School Trustees
v. Wilson, 15 S.W.(2d) 144, at pages 147 and 148:

"The provisions of chapter 19A, being remedial in their nature, should be liberally construed with a view of correcting the conditions sought to be remedied, and effectuating the intention of the Legislature in enacting said chapter. To accomplish such intention, it is thought said board should have the authority, after grouping certain districts, to add to the district thus formed, by again grouping or annexing other districts as provided in article 2922a; and we think one purpose of the Legislature in classifying all rural high school districts as either common or independent school districts, as appears by the provisions of article 2922b, was to enable the county board after the creation of such districts to thereafter make such changes in same by grouping or annexation (the method used being dependent upon scholastic population) as the changed conditions may require. We think at the time the order of which complaint is made was entered the Ben Hur rural high school district was a common school district within the meaning of articles 2922a and 2922b. . . ." (Emphasis ours)

We believe further that Articles 2757 and 2742j providing the procedure for the incorporation or conversion of common school districts into independent school districts are applicable and available only to common school districts created as such and which are subject to all the laws applicable to common school districts; that the provisions of said incorporation statutes were never intended to be and are not available to rural high school districts classed as common within the meaning of Articles 2922a and 2922b.

Article 2757 provides the procedure for the incorporation of an independent school district out of a common school district containing 700 inhabitants or more. Article 2742j provides the procedure for the incorporation of an independent school district out of a common school district in which there is maintained a first class high school of twelve grades, offering sixteen or more credits. We know of no statute or procedure by which a rural high school district as distin-

guished from a common school district may be converted or changed by incorporation from a district containing several existing common and/or independent districts into a single newly created independent school district.

Furthermore, it has been held in Trinity Independent Sch. Dist. v. District Trustees, Etc., 135 S.W. (2d) 1021 (writ ref.), that where there has been annexation of common school districts to an independent school district having 250 or more scholastics under the provisions of Article 2922a, these annexations by virtue of the provisions of Article 2922b have not changed the status of the independent district to a rural high school district. County Board of School Trustees v. Gray, 142 S.W.(2d) 697, writ refused. But it has been also held that where there has been annexation of six common school districts to an independent school district having 250 or more scholastics after an election held as required in Article 2922c, the district so created was a rural high school district composed of seven elementary school districts, and was not, as contended, a single enlarged independent school district. Live Oak County Bd. Etc. v. Whitsett Common Sch. Dist. 181 S.W.(2d) 846, (writ ref.); Weaver v. Board of Trustees of Wilson Ind. Sch. Dist., 184 S.W.(2d) 864; Dawn Common School Dist. v. County School Board, 205 S.W.(2d) 826, writ refused. Thus, all school districts created by grouping under Article 2922a or created by grouping and/or annexation after an election held as required in Article 2922c, are rural high school districts classed as common by virtue of the provisions of Article 2922b. In short, there is no such entity as a rural high school district classed as an independent district or which, in the usual meaning of the term, is an independent district.

Article 2922a provides the procedure for the abolishment of a rural high school district, thus enabling the districts composing an established rural high school district to revert to their original status after which they may consolidate and incorporate in accordance with applicable statutes.

Former Attorney General's Opinion No. O-3424 being in conflict herewith, the same is withdrawn and overruled.

## SUMMARY

A rural high school district may not

be incorporated into an independent school district, there being no applicable statutory provision.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester T. Ollison*

Chester E. Ollison
Assistant

CEO:mw

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL