## LAKEVIEW COMMON SCHOOL DIST. et al. v. COUNTY SCHOOL BOARD OF TRUSTEES OF SAN SABA COUNTY.

### No. 7582.

Court of Civil Appeals of Texas. Austin.
April 22, 1931.

G. A. Walters, of San Saba, for appellants.

BLAIR, J.

This appeal is from an order denying the application of appellants, Lakeview common school district and its school trustees, for a mandatory injunction, commanding appellees, the county school trustees of San Saba county and its members, to rescind and cancel their orders theretofore made granting four certain petitions transferring the lands therein described from appellant Lakeview district into appellee Richland Springs independent school district, and restraining the said county school trustees from recording in their minutes or records any orders redefining the boundaries of the proposed district; restraining appellee E. E. Pierce, secretary of the said county school trustees, from recording any of said orders; restraining appellee J. H. Hart, assessor and collector of taxes for the said independent district, from assessing any school taxes for that district against the proposed transferred lands;. and commanding W. T. Terry, tax assessor for San Saba county, to assess said lands for school taxes in appellant Lakeview district. The following agreed facts state the decisive issues in the appeal:

"Third. There were four of said petitions and they were all dated at Richland Springs,

Texas, on June 10th, 1930, and were numbered one, two, 2b and number 3.

"Fourth: Petition number One was signed by W. N. Gibbons, the sole owner of the section of land therein described. * * * All of said territory was pasture land, unoccupied by any resident citizen, tax payer or patron of any school; that the owner did not reside in said Lakeview Common School District, but resided within said Independent School District. * * * That the said owner, in order to avoid the necessity of securing a majority of the resident voters of the school districts in which the land was located upon his petition requesting such transfer, together with the approval of the trustees of said school districts, subdivided all of the territory that he owned into small subdivisions wherein each would contain less than 10% of the total area of the given District. * * *

"Seventh: * * * The trustees of plaintiff, Common School District and the majority of its resident voters, tax payers and patrons of its schools were very much opposed to said respective territories being transferred from their said respective districts because of the loss in school taxes, which said district would sustain thereby, and that this opposition was well known * * * by the said County School Board of Trustees and that it would be impossible to secure the petitions of assent or approval of a majority of the resident voters and patrons and trustees of plaintiff Common School District to either of said transfers, that the same was done without any notice to plaintiff trustees or any of plaintiffs and while in this case there were four petitions, the same was evidently one transaction in contemplation by defendants at the time and on the dates their petitions were prepared in Richland Springs, Texas, and that it was a concerted scheme upon the part of the defendants to deny plaintiffs their legal right to protest against said petitions, and to register their opposition to the same by refusing to sign any petitions therefor, by cutting the territory up into four parcels as the same was done, and instead of having one petition with all of the signers thereon, prepared four petitions, each containing less than 10% of the total area of said Common School District, and secured the signatures of the owners of said respective subdivisions upon said respective petitions. * * *"

The trustees of Richland Springs independent school district approved the project to annex the territory described in the four petitions, but with the following agreed stipulation: "* * * It is not admitted that the defendant, Independent School District is or was responsible for the subdividing of the territory in plaintiffs' Common School

District into areas less than ten per cent of the total area of said district for the purpose of defeating the will of the majority of the resident voters, patrons and tax payers and the trustees of plaintiff Common School District."

■■ Appellants contend that the transfers are in violation of the portions of section 1 of chapter 47, Acts 1929, 1st Called Sess., p. 106 (Vernon's Ann. Civ. St. art. 2742f, § 1), which reads as follows: " * * * The County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached."

We sustain the contention of appellants that the county school board was without authority to detach from the Lakeview district the land described in petition "one" and annex it to the Richland Springs district upon the sole petition of the owner who did not reside in the Lakeview district, but in the Richland Springs district. It is manifest that the statute authorizes a county school board to detach territory from one district and annex it to another only upon (a) "the petition * * * signed by a majority of the qualified voters residing in the said territory so detached," and (b) "that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached." A school district is made a body politic and corporate entity by statute with its control and management vested in the qualified voters, and to permit one living out of a district to detach land owned by him in the district would deprive the qualified voters and residents of their right of local self-government.

We also sustain the contention of appellants that under requirement (b), supra, of the statute, the county school board was not authorized to grant the four petitions separately, each of which contained less than 10 per cent. of the territory of Lakeview district, but, when added together contained more than 10 per cent, of said district, without first obtaining the consent of a majority of the trustees of Lakeview district. This provision of the statute is a salutary one, and was intended to safeguard a district from

detachments exceeding 10 per cent. of its territory in order that its finances as well as its scholastic population might not be decreased to the detriment of the school. The parties to the petitions and all other appellees, except the Richland Springs district, frankly admit that they presented four petitions instead of one in order that the consent of the Lakeview trustees might not be necessary, and the county board entered its orders over the protest of said Lakeview trustees and 47 qualified voters of the district who filed petitions of protest. This procedure merely accomplished indirectly what the statute directly prohibits, and cannot be sustained. It greatly impaired the efficiency of the school by reducing its finances and its scholastics from 84 to 67.

The preceding issues are decisive of the case without regard to others raised, and we reverse the judgment of the trial court and remand the cause, with instructions to the trial court to issue the injunctions as prayed for by appellants.

Reversed and remanded, with instructions.