**OVALO RURAL HIGH SCHOOL DIST. NO. 19 et al. v. COUNTY BOARD OF SCHOOL TRUSTEES OF TAYLOR COUNTY et al.**

**No. 1562.**

Court of Civil Appeals of Texas. Eastland.

June 5, 1936.

Stinson, Hair, Brooks & Duke, of Abilene, for appellants.

Davidson, Doss & McMahon, of Abilene, for appellees.

FUNDERBURK, Justice.

The appellants are the Ovalo Rural High School District No. 19, of Taylor county, Tex., and the officers and trustees of said district. The appellees are the county board of school trustees of Taylor county, Tex., the members of said board, and the Tuscola Independent School District, Taylor county, Tex. Appellants, as plaintiffs below, brought the suit seeking to have adjudged invalid the act of appellees in attempting to detach 1639.67 acres of land from the Ovalo Rural High School District No. 19, and to attach same to the Tuscola Independent School District. It was undisputed that said Ovalo Rural High School District was created and organized on the 18th day of September, 1925, and had remained a high school district thereafter to the time of trial. Said district originally contained 28,694.70 acres of land. Thereafter, on October 8, 1932, 2394.5 acres of the district were detached therefrom and transferred to the Bradshaw Independent School District of Taylor county. On April 8, 1933, upon a dissolution of the Dewey Common School District No. 33, 2156.02 acres, constituting a part of said district, was attached to said Ovalo Rural High School District. On August 18, 1934, 1639.67 acres were attempted to be detached from the Ovalo Rural High School District and transferred to the Tuscola Independent School District. The trial court adjudged that the act of the county board of school trustees in detaching said 1639.67 acres from the Ovalo Rural High School District and attaching same to the Tuscola Independent School District was, as against the attack made, legal and valid,

■ But one question is presented for decision, and that involves the proper construction of Vernon's Annotated Texas Civil Statutes, art. 2742f, § 1. That statute purports to empower the county board of trustees, upon proper petition and notice, to detach from any school district and to attach to another, territory contiguous to a common boundary line of the two districts, subject to the exception, condition, or limitation that where the territory proposed to be detached from a district exceeds 10 per cent. of the entire territory of the district the petition must be signed by a majority of the trustees of the district from which the territory is to be detached, in addition to a majority of the qualified voters of such territory. The petition, in response to which the appellees acted, was not signed by any of the trustees of the Ovalo Rural High School District.

It is the contention of the appellants that the detachment of 2394.5 acres on October 8, 1932, and transfer of same from the Ovalo Rural High School District to the Bradshaw Independent School District should be added to the 1639.67 acres attempted to be detached and transferred by said order of August 18, 1934, to the Tuscola Independent School District, which being 4034.17 acres was more than 10 per cent. of the original area of the district and therefore the attempted transfer of the 1639.67 acres to the Tuscola Independent School District was void because the petition was not signed by a majority of the trustees of the Ovalo Rural High School District. Appellees contend that the provision has reference, not to the original area of the district without reference to subsequent detachments and annexations of territory, but to the area of the district at the time it is proposed to detach territory.

It seems to us the construction of the statute contended for by appellees is the more reasonable. Suppose the first detachment of area which was added to the Bradshaw district had been, say, 2,859 acres. We take it there would be no question as to the validity of such transfer,

same being approximately 10 acres less than 10 per cent. of the entire area of the district. Under the construction of the statute contended for by appellants thereafter, notwithstanding over 2,000 acres had been added to the district, there could not be a detachment of as much as a 20-acre tract, unless the trustees of the district joined in a petition therefor. Under such construction when a district once had detached therefrom 10 per cent. of its acreage, regardless of any subsequent mutations in the area of the district, the right to detach further areas without the trustees joining in the petition therefor would simply not exist as to that district. We think the purpose of the statute was to permit from time to time the detachment of small areas without the consent of the trustees, and if so that purpose would be best subserved, we think, by calculating the 10 per cent. upon the area of the district at the time the detachment is purposed to be made.

This view in no manner militates against the proposition that an area exceeding 10 per cent. may not thus be detached by the simple device of separate petitions, each of which having reference to less than 10 per cent. of the total area. That would be a fraud and voidable as such. That there was a fraudulent circumvention of the law was the principle, we think, controlling the decision, in Lakeview Common School District v. County School Board Trustees (Tex.Civ.App.) 38 S.W.(2d) 598, relied upon by appellees. The facts in the instant case were agreed upon, and no such issue was presented, either by the pleadings or the facts.

It is therefore our conclusion that the judgment of the court below should be affirmed, and it is accordingly so ordered.