### DORCHESTER INDEPENDENT SCHOOL DIST. et al. v. ALLEN et al.

No. 15239.

Court of Civil Appeals of Texas. Fort Worth.

April 13, 1951.

Freeman, Wolfe, Henderson & Bryant, of Sherman, for appellants.

Gillespie & Gillespie, of Sherman, for appellees, Southmayd School District and C. N. McAllister.

Murray H. Nance, Jr., of Sherman, for appellee, County Board of School Trustees of Grayson County.

. HALL, Justice.

This appeal is from a judgment of the district court of Grayson County upholding an action of the County Board of School Trustees of said County in ordering a detachment of 2329 acres of territory from appellant, Dorchester Independent School District, and attaching same to the district of appellee, Southmayd Rural High School District.

Appellants contend in their two points the trial court erred in upholding said order of reducing its territory because, first, the undisputed evidence establishes that just ten days prior to the filing of this application to detach said 2329 acres the County Board had ordered another detachment of 1752 acres from its territory, thereby reducing its area more than ten percent, in violation of Article 2742f, Section 1, Vernon's Ann.Civ.St. And, second, the trial court erred in upholding said County Board of School Trustees' order to detach the said 2329 acres from its territory because

the two detachments were evidently in the nature of one transaction and a concerted scheme to detach more than ten per cent of its territory without the consent of appellant's trustees and majority of its qualified voters.

A portion of Section 1, Article 2742f, involved herein, is: "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. * * * Provided that no school district shall be reduced to an area of less than nine square miles."

It is undisputed that the aggregate amount of said two detachments is approximately fifteen per cent of appellants' territory.

The trial court heard some 77 pages of testimony and entered in its judgment, among other things, the following:

"* * * the Court finds that the action of the County Board of School Trustees of Grayson County, Texas with respect to the detachment of territory from the Dorchester Independent School District and the attachment of said territory to the Southmayd Rural High School District was, in all things, proper and within the discretionary powers of the County Board of School Trustees as set out in Article 2742f, Vernon's Annotated Civil Statutes of Texas. The Court further finds that there was no abuse of the discretion of the County Board of School Trustees of Grayson County, Texas in its action herein taken.

"The Court further finds that by the terms of Article 2766, Vernon's Annotated Civil Statutes of Texas, in conjunction

with Article 2681, Vernon's Annotated Civil Statutes of Texas, the County Board of School Trustees of Grayson County, Texas, was authorized to change the boundaries when, in the judgment of said Board, public good demanded such change. The Court further finds that there was no scheme, plan or fraud involved in the two detachments heretofore made by the County Board of School Trustees of Grayson County, Texas from the Dorchester Independent School District and that said Grayson County Board of School Trustees was acting within its discretionary powers, as authorized by Article 2742f, Vernon's Annotated Civil Statutes of Texas. The Court further finds that Article 2742f contains no restrictions as to the number of times it may be used, and that the County Board of School Trustees is not restricted from making subsequent detachments from a school district, merely because a prior detachment had been made * * *."

No question here is raised of the court's considering Article 2766 in conjunction with Article 2681, but we think the case was properly governed by Section 1, Article 2742f, as outlined in County School Trustees of Orange County v. District Trustees of Prairie View Common School District, 137 Tex. 125, 153 S.W.2d 434.

■ It has been held in Prosper Independent School Dist. v. Collin County School Trustees, Tex.Civ.App., 51 S.W.2d 748, affirmed, Tex.Com.App., 58 S.W.2d 5, that the county school trustees were vested with discretion to determine whether the statutory power to detach territory from one district and annex it to another should be exercised.

Appellants' contention that a school district can never be reduced more than ten per cent by successive petitions without consent of the district from which it is being detached, because its finances as well as its scholastic population might be decreased, is not well taken. See Prosper Independent School Dist. v. Collin County School Trustees, supra; Brownfield v. Tongate, Tex.Civ.App., 109 S.W.2d 352.

■ The evidence was disputed as to whether there was a scheme or plan of fraud perpetrated upon appellants, and the trial court found that none existed. There is ample testimony to support this finding.

■■ We find the trial court correctly construed provision of the statute in question, with reference to detached territory, which is to the effect, same is not to exceed ten per cent of the area of a district at the time it is proposed to be detached therefrom. Ovalo Rural High School Dist. No. 19 et al. v. Taylor County Board of School Trustees, Tex.Civ.App., 95 S.W.2d 472.

On the other hand, if the trial court had found from competent evidence that appellees were deliberately seeking to avoid the provision of said above statute by a plan or scheme to detach more than ten per cent. of the area of appellants' school district without the consent of its trustees and qualified voters, such action would no doubt have been one of legal fraud and therefore unenforceable, because it would have accomplished indirectly what the statute directly prohibits. See Lakeview Common School Dist. et al. v. School Board of Trustees of San Saba County, Tex.Civ.App., 38 S.W.2d 598.

Our reasoning overrules appellants' contention that the overall area of any school district may not be reduced more than ten per cent. without consent of its trustees and qualified voters regardless of how many petitions there may have been filed. As stated in the Ovalo Rural High School District case supra: "We think the purpose of the statute was to permit from time to time the detachment of small areas without the consent of the trustees, and if so that purpose would be best subserved, we think, by calculating the 10 per cent. upon the area of the district at the time the detachment is purposed to be made." [95 S.W.2d 474.]

Finding that the trial court did not err in upholding the County School Board's order, judgment of the trial court is affirmed.