WORTHAM INDEPENDENT SCHOOL DIST. et al. v. STATE ex rel. FAIRFIELD CONSOL. INDEPENDENT SCHOOL DIST. et al.

No. 3020.

Court of Civil Appeals of Texas. Waco.

Nov. 21, 1951.

Rehearing Denied Jan. 10, 1952.

W. W. Mason, Mexia, Bradley & Geren, Groesbeck, for appellants.

Ralph W. Yarborough, Austin, Bowlen Bond, Teague, Elmer McVey, County Atty. of Freestone Co., Fairfield, for appellees.

HALE, Justice.

This is an appeal from an interlocutory order of the 87th Judicial District Court of Freestone County granting a temporary injunction pending the trial of a case on its merits. A correct disposition of the appeal turns upon whether the trial court had jurisdiction to hear the application on which the order was based and, if so, whether the court's action in granting the writ constituted an abuse of discretion.

The present proceeding is an aftermath of the controversy involved in the prior case of Fairfield Independent School Dist. Streetman Independent School Dist. et al., Tex.Civ.App., 222 S.W.2d 651. It was instituted on an information in the nature of a quo warranto upon the relation of Fairfield Consolidated Independent School District and others against appellants, Wortham Independent School District, the County Boards of School Trustees and the County School Superintendents of Freestone, Navarro and Limestone Counties and others. The purpose of the proceeding was to test the validity of certain official acts of appellants in attempting to detach territory (formerly within the Streetman and St. Elmo Districts) from Fairfield Consolidated District and attach the same to Wortham District. In their verified petition, appellees alleged that the attempted acts of appellants, by reason of the facts therein set forth, were illegal, null and void. They prayed for the immediate issuance of a temporary restraining order and upon notice and a hearing for a temporary injunction, restraining and enjoining appellants from rerouting any of the school busses in the affected area and from transferring any of the lands, funds or properties from the Fairfield Consolidated District to the Wortham District pending a trial on the merits and that upon final hearing they have judgment declaring the acts complained of to be invalid and void and permanently enjoining appellants from any further effort to accomplish the attempted disannexation.

Hon. R. W. Williford, a resident of Freestone County, and Hon. V. M. Johnson, a resident of Anderson County, are the regularly elected Judges of the 87th and 3rd Judicial District Courts of Texas, respectively. On August 24, 1951, they signed a written agreement to exchange benches, beginning on that day and continuing throughout the remainder of the current terms of their respective courts. This agreement was duly entered in the minutes of the 87th court. Judge Williford advised the County Attorney of Freestone County that he was disqualified to act in the proceeding out of which this appeal has arisen. Accordingly, on August 28th the petition of appellees was presented to Judge Johnson in Anderson County. After consideration of the matter in chambers at Palestine, Judge Johnson as judge presiding over the 87th court then granted permission for the petition of appellees to be filed and he also signed another order at the same time and place (1) directing the clerk of the 87th court to issue the temporary restraining order sought by appellees upon the filing of a proper bond in the sum of $1500 and (2) setting the application for a temporary injunction to be heard before him in the district courtroom at Fairfield on September 4, 1951.

Appellants appeared before Judge Johnson in the district courtroom at Fairfield on September 4, 1951, and, having filed their plea in abatement, special exceptions and answer to the petition and application of appellees for a temporary injunction, they contended in the court below as they contend here that the court did not have jurisdiction to hear the application and that appellees were not entitled to the temporary

injunction sought by them. After a full hearing of the evidence offered by the respective parties, the court overruled the plea in abatement and the special exceptions of appellants and ordered the clerk to issue the temporary injunction sought by appellees upon the filing of a proper bond in the sum of $1500.

The first four points in the brief of appellants, relating to the issue of jurisdiction, are as follows: (1) "A judge of a District Court is not authorized to issue a temporary restraining order and set a hearing for a temporary injunction in a court which is located within other regular and special districts, even though the regular judge of said court is disqualified, in the absence of showing that the judge of such other regular district court was disqualified"; (2) "A restraining order and setting a hearing on temporary injunction is void where same has been issued by a non-resident judge unless the petition shows or same is accompanied by affidavits showing that all of the exceptions provided for in Article 4643, Revised Statutes of the State of Texas, have been complied with"; (3) "A district judge who has exchanged benches can not issue a restraining order and set a date for hearing on temporary writ of injunction in view of Article 4643, Revised Statutes of the State of Texas, unless he returns same to his own court and same is void if he returns it to the court in which he is sitting under exchange of benches, if there is a judge of another regular district court of said county to which the injunction is returnable"; and (4) "Where a petition is verified before a notary public, one of the plaintiffs in said suit, said verification will not support an ex parte restraining order and setting for hearing on a temporary injunction, same being a nullity."

Article V. Sec. 11, of the Constitution of Texas Vernon's Ann.St. reads in part as follows: "And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." Art. 1916 of Vernon's Tex.Civ.Stats., as the same was originally enacted in 1846, is as follows: "A judge of the district court

may hold court for or with any other district judge; and the judges of such courts may exchange districts whenever they deem it expedient." It is a matter of common practice among many of the district judges of this State to exchange benches quite freely under the foregoing Constitutional and statutory provisions and we know of no reason why such salutary practice should be in any wise curtailed or discouraged.

The dominant purpose of this suit was to test the validity of the acts of certain school officials in attempting to detach specific territory from one school district and attach it to another district under the provisions of Art. 2742f of Vernon's Tex.Civ.Stats. A part of the territory involved was situated within the territorial limits of Freestone, Navarro and Limestone Counties, respectively. Therefore, the suit was properly brought by the County Attorney of Freestone County as a proceeding in quo warranto in the District Court of that county, as authorized by Art. 6253, Vernon's Tex.Civ.Stats. Mathis Independent School Dist. v. Odem Independent School Dist., Tex.Civ.App., 222 S.W.2d 270, pt. 5 and authorities. Since the injunctive features of the suit were merely ancillary to the ultimate relief sought, we are of the opinion that the strict rules applicable to injunction suits generally are not of controlling effect in their application to this proceeding. State ex rel. City of Jasper v. Gulf States Utilities Co., Tex.Civ. App., 185 S.W.2d 501, pt. 1; Id., 144 Tex. 184, 189 S.W.2d 693.

Furthermore, we do not think it is necessary for us to decide on this appeal whether Judge Johnson was or was not lawfully authorized to sign the order which he did sign in chambers at Palestine on August 28th with respect to the issuance of a temporary restraining order and the setting of a time and place for the hearing of appellees' application for a temporary injunction. The temporary restraining order which he directed the clerk to issue at that time expired on September 4th and there is no showing in the record before us that appellants were in any wise injured by

reason of the issuance of the writ or the setting of the application for the issuance of a temporary injunction. Appellants actually appeared, in person and by their attorneys, at the time and place set for the hearing of the application and contested the same. Judge Johnson was present and presiding as judge of the 87th court under his exchange agreement with Judge Williford when the application for a temporary injunction came on for hearing in the district courtroom at Fairfield on September 4th and, in our opinion, he was vested under the Constitution and laws of this State with legal power and authority then and there to hear the application and to dispose of the same in such manner as he deemed lawful and proper. Article V, Sec. 11, Constitution of Texas; Art. 1916, Vernon's Tex.Civ.Stats.; 25 Tex.Jur., p. 341, Sec. 91 and authorities; Connellee v. Blanton, Tex.Civ.App., 163 S.W. 404, er. ref.; Cyrus W. Scott Mfg. Co. v. Haynie, Tex.Civ.App., 64 S.W.2d 1090, pt. 1, er. dis.; Baldwin v. Leonard, Tex.Civ.App., 110 S.W.2d 1160, er. dis.

■ The petition filed by appellees was verified by the oath of R. R. Kirgin, one of the relators. The verification was authenticated by the jurat of T. S. Watson, a notary public, who was also one of the relators. We do not think the interest of Watson in the subject matter of the suit was such as to disqualify him from administering the oath which he administered to Kirgin or to render Kirgin's affidavit void or defective. Kosminsky v. Raymond, 20 Tex.Civ.App. 702, 51 S.W. 51, er. dis.; Walden v. Locke, Tex.Civ.App., 49 S.W.2d 832, pt. 9, er. ref. and authorities. However, when objection was made during the hearing to the petition on this ground, the court granted leave for appellees to amend the verification and that was promptly done by having Kirgin to verify the petition before the clerk of the court. In our opinion, such amendment cured the defect, if any there was, in the original verification. Oliphant v. Buie, Tex.Civ.App., 134 S.W.2d 751, pts. 6 and 7 (er. dis. correct judg.).

Having concluded that the trial court, with Judge Johnson presiding, had juris-diction over the person of the parties and the subject matter involved in the hearing of the application for a temporary injunction, we overrule the first four points in the brief of appellants.

Under the succeeding points in their brief, appellants contend in effect that the temporary injunction was improvidently issued and that the order granting the same should be reversed and judgment here rendered denying the application. We cannot agree with these contentions for reasons which we shall note briefly.

■ The matter of granting or refusing an application for a temporary injunction in order to preserve the status quo of the subject matter of a suit pendente lite is a matter which rests largely within the sound discretion of the trial court. On appeal from an order disposing of such an application, the action of the trial court should not be disturbed unless an abuse of discretion is apparent from the record. Moffitt v. Lloyd, Tex.Civ.App., 98 S.W.2d 860 and authorities: Pancake v. Kansas City Life Ins. Co., Tex.Civ.App., 134 S.W. 2d 776, pts. 3 and 4 and authorities; Iden v. Lippard, Tex.Civ.App., 153 S.W.2d 642, pt. 1; District Trustees of District No. 46 and Freestone County v. Trustees of Freestone County, Tex.Civ.App., 186 S.W.2d 378, pt. 4.

■ Article 2742f of Vernon's Tex.Civ. Stats. authorizes the County Board of Trustees in each county of this State, subject to the terms and conditions therein set forth, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts. Such authority is conditioned, in part, upon the proviso that "where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached." Since the power thus conferred upon County Boards of Trustees constitutes a special grant of authority, the exercise thereof must be in strict conformity with the mandatory provisions of the statute and if an

attempted disannexation is not effected in strict compliance with the statute it is illegal and void. Mesquite Independent School Dist. v. Gross, 123 Tex. 49, 67 S.W. 2d 242 and authorities.

Appellees alleged in substance that the acts of which they complained were illegal and void because (1) the affected territory was not contiguous to the common boundary line between the two districts involved, (2) such territory exceeded ten per cent of the Fairfield District and neither of the petitions relating thereto was signed by any of the Trustees of Fairfield District, and (3) the petitions were invalid at the time the matter was presented to the County Boards of Navarro and Limestone Counties in that certain voters whose names appeared upon the petitions at the time they were presented to the County Board of Freestone County had withdrawn their names from such petitions and had signed a petition opposing the disannexation at the time when the County Boards of Navarro and Limestone Counties acted upon the matter.

The evidence introduced upon the hearing of the application for a temporary injunction shows that the affected territory exceeded ten per cent of the entire Fairfield District and that neither of the petitions relating thereto was signed at any time by any of the Trustees of the Fairfield District. The so-called Streetman area consisted of 35.07 square miles, the St. Elmo area consisted of 29.19 square miles and the entire Fairfield District, at and immediately prior to the attempted disannexation, consisted of 363 square miles. The Streetman area was east of the Wortham District, the shortest distance between the east line of the Wortham District and the west line of the Streetman area being approximately 2100 varas along the south line of the Richland District. The St. Elmo area was east of the Streetman area, the territory of each being contiguous to the common boundary line between the two areas. The west line of the Streetman area was tied to or connected with the east line of the Wortham District by means of a strip of ground 50 feet in width and approximately 2100 varas in length. The petition relating to the Streetman area was drawn separately from the petition relating to the St. Elmo area but both petitions were presented on the same day to the County Board of Freestone County.

We think the evidence as a whole would undoubtedly support an inference that the stratagem employed by the proponents of disannexation was designed to circumvent the spirit if not the letter of the law. It is obvious that the strip of ground 50 feet in width by 2100 varas in length was included in the affected territory in an effort to make the Streetman area contiguous to the Wortham District. Without including this narrow ribbon of ground in the affected territory and making use of it, lasso-like, for the purpose of fastening the Streetman area to the Wortham District, there would have been no common boundary line whatsoever, not even for a distance of 50 feet, between any part of the affected territory and the Wortham District. It is also apparent that the drafting of two separate petitions, one relating to the Streetman area and the other to the St. Elmo area, was resorted to in order that neither portion of the affected territory, standing alone, would exceed ten per cent of the entire Fairfield District. The court below might well have found that such artifice was merely a subterfuge and did not constitute a compliance with the provisions of law. Lakeview Common School Dist. et al. v. County School Board of Trustees of San Saba County, Tex.Civ.App., 38 S.W.2d 598; Wild v. People ex rel. Stephens, 227 Ill. 556, 81 N.E. 707; People ex rel. Lemoore Land & Fruit Growing Co. v. City of Lemoore, 37 Cal.App. 79, 174 P. 93; Clark v. Holt, 218 Ark. 504, 237 S.W.2d 483.

Without further statement or discussion, it must suffice to say that in our opinion the evidence submitted on the hearing of the verified application for a temporary injunction was sufficient to warrant the trial court in finding that the purported detachment of the Streetman and St. Elmo areas from the Fairfield District had not been effected in compliance with the

mandatory provisions of Art. 2742f of Vernon's Tex.Civ.Stats. and in concluding by reason thereof that the attempted disannexation was illegal and void.

Therefore, the order appealed from is affirmed.