## MUNDAY INDEPENDENT SCHOOL DIST. et al. v. KNOX CITY INDEPENDENT SCHOOL DIST. et al.

### No. 2927.

Court of Civil Appeals of Texas. Eastland.

March 28, 1952.

Rehearing Denied April 25, 1952.

Billingsley & Bullington, Munday, Gaynor Kendall, Austin, for appellants.

Brookreson & Brookreson, Seymour, for appellees.

COLLINGS, Justice.

This suit was filed by appellants, the Munday Independent School District and the Board of Trustees for such District, against appellees, Knox County Independent School District, the Board of Trustees for such District and the County Board of School Trustees of Knox County, Texas. The suit was brought to set aside and to hold invalid three certain orders of the County Board of School Trustees which purported to detach from the Munday Independent School District certain described areas and to transfer the same to the Knox City Independent School District. Appellants also sought to enjoin and restrain the Knox City Independent School District and its Trustees from making tax levies against or from assessing or collecting taxes upon any property in the disputed areas.

The trial of the cause was before the court without a jury and judgment was entered denying appellants all relief prayed for. It was specifically adjudged and decreed that said orders of the County Board of School Trustees were legal and valid. From such judgment, this appeal is brought.

The basis of the contention made by appellants is that the County Board of School Trustees of Knox County exceeded its authority under the laws of this State as set out in Article 2742f, Vernon's Annotated

Revised Civil Statutes, the material portions of which are as follows:

"Section 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. * * * Provided that no school district shall be reduced to an area of less than nine square miles."

The Munday Independent School District at the time of the adoption of the first order in controversy contained 69,120 acres of land. On June 20, 1951, the Board of Trustees of the Knox City Independent School District filed simultaneously with the County Board of School Trustees of Knox County five separate petitions each signed by a majority of the qualified voters in the area described by the particular petition, and each requesting the County Board to detach the tract therein described from the Munday Independent School District. The Board of Trustees of Knox City Independent School District had endorsed its consent to the proposed transfers on each of said petitions and urged favorable action thereon before the County Board. The Board of Trustees of the Munday Independent School District did not consent to the detachment of any of such territory from their district and actively opposed the granting of the petitions. The area described in each of the petitions was less than 10% of the total area of the Munday School District but the combined area described in all of the petitions constituted approximately 24% of the area of such district. The Trustees and representatives of the Munday School District appeared before the County Board of Trustees and objected to the granting of the above described five petitions on the ground that the total area described in the several petitions exceeded the statutory limitation set out in Art. 2742f, supra, that not more than 10% of a school district could be detached from and transferred out of said district without the consent of its Board of Trustees. The County Board adjourned on June 21, 1951 without acting on the petitions.

On July 3, 1951, the County Board of School Trustees of Knox County met in special session and the Board of Trustees of Knox City Independent School District requested and was granted permission by the Board to withdraw the five petitions theretofore filed and was also granted permission to file new petitions. Thereupon the Knox City School Board filed with the County Board of petition designated and marked as "Petition A" requesting the County Board to detach from the Munday Independent School District territory therein described and amounting to 6,322 acres, and to transfer such area to Knox City Independent School District. A special meeting of the County Board was called for July 7, 1951 to consider such petition. At such special meeting, an order was entered upon a vote of two to one that the territory therein described be detached from the Munday Independent School District and annexed to the Knox City Independent School District. Thereafter, but at the same special meeting of the County Board, the Knox City School Board filed with the County Board "Petition B" praying for the detachment from the Munday Independent School District of certain land therein described comprising 4,877.5 acres of land.

A special meeting of the County Board was called for and held on July 10, 1951, to consider "Petition B." At such special meeting the County Board first approved the minutes of the July 7th meeting which included a resolution for detachment of the

6,322.6 acres of land from the Munday Independent School District as requested in "Petition A." The County Board then proceeded to consider the granting of "Petition B" and after a consideration of such petition and the arguments presented by the Trustees and representatives of both the Knox City Independent School District and the Munday Independent School District, entered an order transferring the territory described in "Petition B" from the Munday Independent School District to the Knox City Independent School District. This action was taken over the objection of the Trustees and representatives of the Munday Independent School District.

Thereafter, and at the same special meeting of the County Board on July 10, 1951, the Board of Trustees of Knox City Independent School District filed with the County Board a petition designated and marked as "Petition C" which requested detachment from the Munday School District of territory therein described and for its annexation to the Knox City School District. The territory described in "Petition C" comprises 4,930.5 acres of land. There was some discussion at that time whether "Petition C" should be considered immediately or whether the hearing thereon should be had at a future meeting of the Board, but it was decided by the Board to proceed with the consideration of such petition at the meeting then in session. The Board then proceeded to consider "Petition C" and after consideration thereof, ordered the land therein described detached from the Munday Independent School District and transferred to the Knox City Independent School District. The transfer of each and every one of the areas described from the Munday Independent School District to the Knox City Independent School District was without the consent of the Board of Trustees of the Munday Independent School District and was over the objection of such School District and its representatives before the County Board.

The lands described in the three orders of the County Board were shown and marked on a map introduced in evidence which indicates that the three tracts of land form a single cohesive tract, capable of being contained within a single continuous boundary line. The aggregate acreage of the three tracts amounts to approximately 24% of the area of the Munday Independent School District. The area described in the first five petitions which were withdrawn from the Board is shown to be the same area described in "Petitions A, B and C" with the exception of an additional 160 acre tract included in "Petition C." It is contended in appellants' first point that the judgment should be reversed and rendered setting aside and holding void the orders complained of because under the admitted facts, the County Board of School Trustees attempted by such orders to detach more than 10% of the area of the Munday Independent School District without the consent and against the protest of the trustees of said district. It is urged by appellants that the County Board of School Trustees by the three challenged orders, adopted in close sequence, had attempted in what is in truth and fact one transaction to remove and detach from the Munday Independent School District 24% of its entire area despite the fact that such petitions were not signed by a majority of the Board of Trustees of the Munday Independent School District as required in such cases by Art. 2742f, supra. We cannot agree with this contention. The petitions were separate and distinct and each was considered and acted upon separately. Neither of the orders detached an area in excess of 10% of the Munday Independent School District. A County Board has the power under the statute to detach small areas without the consent of the District Trustees even though the ultimate aggregate may be in excess of 10% of the District from which it is detached. Dorchester Independent School Dist. v. Allen, Tex.Civ.App., 239 S. W.2d 122; Ovalo Rural High School Dist. No. 19 v. County Board of School Trustees of Taylor County, Tex.Civ.App., 95 S.W.2d 472.

Of course, if it should be found that the County Board became a party to a fraudulent plan or scheme to detach more than 10% of the area of the Munday School Dis-

trict without the consent of the trustees of such district and the qualified voters of the detached territory, and to accomplish this purpose multiple petitions and orders were employed each of which detached less than 10% but the total exceeded 10% of the area of the school district involved, such action would constitute legal fraud and would be in violation of the statute. Lakeview Common School Dist. v. County School Board of Trustees of San Saba County, Tex.Civ.App., 38 S.W.2d 598. Each of the questioned orders entered by the County Board in this case was valid on its face and apparently complied with the statute because it did not detach more than 10% of the Munday School District. If such orders are to be held invalid, it must be found that the County Board entered the orders separately instead of as a single order in furtherance of a plan to evade the statute. The trial court has found the facts to the contrary as set out in the following findings contained in the court's judgment:

"The Court finds that it was agreed and stated in open Court by the Attorneys for all parties hereto, that all the petitions in controversy were in proper form and contained the required number of signatures, and that no contention was made with reference to any matters of this kind, and that the sole question in this lawsuit is whether or not it had been shown in this case that the County Board of Trustees was guilty of the acts necessary to set aside the orders granted by said board on said petitions.

"The Court further finds, from the evidence admitted at said hearing, that there was not any fraudulent scheme on the part of the County School Board of Knox County, Texas, in making the orders in controversy, and that said County Board of Trustees did not act in a fraudulent manner in making the orders sought to be set aside, and that said County School Board acted in good faith, and endeavored to comply with the law in so doing, and to do what the signers of said petitions were entitled to, and what would be for the best interest of their school children."

Appellants' second and third points urge that there is no evidence to sustain the finding of the trial court that the orders of the County School Board were not entered in furtherance of a plan to evade the statutory limitation that not more than 10% of the area of a school district could be detached therefrom without the consent of the trustees of such district, and that such finding is contrary to the overwhelming weight and preponderance of the evidence and that the judgment of the court should, therefore, be reversed.

 The action of the Knox City Board of Trustees in first presenting five petitions covering substantially the same area involved in the three later petitions which were presented to and acted upon by the Board separately, and the history of the proceedings as heretofore briefly summarized, are relied upon by appellants to show that the court was in error in making the finding that there was no fraudulent scheme on the part of the Knox County School Board. In support of this contention, appellants also particularly urge the fact that it was admitted by one of the Knox City School Trustees that the original five petitions were filed instead of a single petition in order to avoid the provisions of Art. 2742f, supra. Any fraudulent intent of the Knox City School District or of its trustees is not a determining factor in this case. The intent and actions of such trustees are material herein only to the extent that they shed light upon the intent of the County Board of Trustees of Knox County. It may well be that the facts and circumstances of this case constitute some evidence of an intent on the part of the County Board to evade the statute but such evidence is not conclusive on the question. As heretofore pointed out, the orders were valid on their face. They were separately presented, separately considered and separately entered. In the first place, there is a presumption that in the discharge of their duties as public officers they acted in accordance with the law and not in excess of their powers. 34 Tex.Jur., page 462. Also, a map was introduced which showed the areas covered by the three orders and the location of Knox City and Munday. It appeared from

the map that Knox City was closer and more accessible to most of the territory in each of the areas. This fact would not give the Board the right to detach more than 10% of the Munday District at one time, but it was indicative of good intent which is inconsistent with fraudulent action. There was evidence to the effect that the members of the Board did not intend to enter into a collusion with anyone in entering the orders but endeavored to do what was right with due consideration to where the parents and children wanted to go and to the qualification of the schools involved. We overrule appellants' contention that there was no evidence in support of the court's finding that the County Board did not act fraudulently in making the orders in controversy, and also overrule the contention that such finding was contrary to the overwhelming weight and preponderance of the evidence.

The judgment of the trial court is affirmed.