MUNDAY INDEPENDENT SCHOOL DISTRICT ET AL V.
KNOX CITY INDEPENDENT SCHOOL DISTRICT ET AL.

No. A-3689. Decided January 14, 1953.
Rehearing overruled February 18, 1953.
(254 S. W. 2d Series 381)

90

*Billingsley & Bullington,* of Munday, and *Gaynor Kendall,* of Austin, for petitioners.

The Court of Civil Appeals erred in holding that each of said orders of annexation of territory did not violate Article 2742f, Vernon's Civil Statutes, which prohibits the detachment of more than 10% of the area of any school district unless the petition for transfer is signed by a majority of the trustees of said school district. State Line Consolidated School District No. 6 of Palmer County v. Farewell Ind. Sch. Dist., 48 S.W. 2d 616; Board of Trustees of Young County v. Bullock Common Sch. Dist. No. 12, 55 S.W. 2d 538; Webster v. Texas & Pac. Motor Transport Co. 140 Texas 131, 166 S.W. 2d 75.

*D. J. Brookreson II,* of Seymour, for respondents.

MR. JUSTICE WILSON delivered the opinion of the Court.

The parties will be identified as in the trial court.

The case is an attack upon the validity of three orders of a County School Board detaching territory from one independent school district and annexing it to another. Section 1 of Art. 2742f[1] prohibits one district acquiring more than 10% of

_____

[1] "Section 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves by a majority vote, the proposed transfer

the area of another district through annexation without the consent of the trustees of the second district. Here the first district attempted to take a total of about 24% of the second district without the consent of its trustees through the device of three separate bites into its territory. The losing district sued as plaintiff to have the detachment orders declared void. The detailed facts are set out fully and fairly in an opinion of the Court of Civil Appeals, 247 S.W. 2d 936, sustaining the orders of the County Board approving the detachment and annexation.

The plaintiff contends that if in successive annexations each annexation is in area less than 10% of the losing district and if there is no limit upon the number or upon the period of time in which they may occur, one district can "nibble" another to death. If this be a fault in the statute, the legislature can correct it. However, we need not pass upon that question. The statute does specifically prohibit a single annexation of more than 10%, and for that reason the orders of the County Board of Trustees in this case exceed its authority.

We hold that (1) where the area in separate annexation proceedings forms a single cohesive and contiguous tract, and (2) where the proceedings are processed so nearly simultaneously as to be the same proceeding or overlap each other in time, and (3) where there is no reason other than an avoidance of Section 1 of Article 2742f why they could not be processed as one annexation, they will be treated in law as a single annexation. Lakeview Common School Dist. v. County Sch. Board of San Saba County, 38 S.W. 2d 598; Wortham Ind. School Dist. v. State, 244 S.W. 2d 838. If the total area exceeds 10% of the losing district, the consent of the trustees is necessary. There is no question of fraud involved. Since the orders at bar are to be treated as a single order and, so treated, it violates the statute, they are void.

We do not reach the question raised in the cases of Ovalo Rural High School Dist. No. 19 v. Taylor County Board, 95 S.W. 2d 472 and Dorchester Independent School District v. Allen, 239 S.W. 2d 122, since in both cases the second annexation was not filed until the first had been completed.

of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached * * * Provided that no school district shall be reduced to an area of less than nine square miles."

The judgments of the Court of Civil Appeals and of the trial court are reversed and judgment is here rendered setting aside the three annexation orders of the County Board of School Trustees of Knox County. Costs are taxed against respondents.

Opinion delivered January 14, 1953.

Associate Justice Culver not sitting.

Rehearing overruled February 18, 1953.