MUNDAY INDEPENDENT SCHOOL DIS-
TRICT, Appellant,

v.

COUNTY BOARD OF SCHOOL TRUSTEES
OF KNOX COUNTY, Texas, et al.,
Appellees.

No. 3133.

Court of Civil Appeals of Texas.

Eastland.

Jan. 14, 1955.

Rehearing Denied Feb. 11, 1955.

Billingsley & Bullington, Munday, Gaynor Kendall, Austin, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, Brookreson & Brookreson, Seymour, for appellees.

LONG, Justice.

In 1951, the County Board of School Trustees of Knox County, by three separate orders simultaneously filed and granted a petition to detach parts of the Munday Independent School District and attach the same to the Knox City Independent School District. These orders were upheld by the District Court and by this Court. See Munday Independent School District v. Knox City Independent School District, Tex.Civ.App., 247 S.W.2d 936. Upon an appeal to the Supreme Court, the judgments were reversed and the orders held invalid because they violated the terms of Article 2742f, Vernon's Annotated Civil Statutes in that they detached more than ten percent of the Munday District without its consent. Munday Independent School Dist. v. Knox City Independent School Dist., Tex., 254 S.W.2d 381. Thereafter, on February 7, 1953, a majority of the voters living in what we will describe as Tract No. 1 of Munday Independent School District presented a petition to the County Board of School Trustees of Knox County asking that this territory be detached from the Munday District and attached to the Knox City District. Thereafter, on March 11, 1953, the County Board entered an order granting said petition. There was then held a debt assumption election on August 19, 1953 by which the

Knox City District assumed the debt of the territory attached.

On October 14, 1953, a petition signed by a majority of the voters residing in an area described by us as Tract No. 2 was presented to the School Board of Knox County asking that this area be detached from the Munday District and attached to the Knox City District. This petition was granted on November 14, 1953. Both of these orders were entered without the consent and over the protest of the Munday District. There was then held an election by which the Knox City District assumed the debt of the area so attached. Munday Independent School District instituted this suit seeking to have said orders declared invalid. The court found said orders valid in all respects. Munday Independent School District has appealed.

■ As in the previous litigation appellant contends that, under Section 1 of Article 2742f, a County Board may not detach more than ten percent of the area of any school district without the consent of its trustees; that, regardless of the number of petitions and orders employed and the periods of time intervening, when ten percent of the area of a district has been detached there can be no further withdrawal therefrom without its consent. We do not agree with this contention. We hold that where the County Board acts in good faith, and not in furtherance of a scheme or device to circumvent said statute, it may grant as many orders as may be presented by the people of a district even though more than ten percent of the territory of a district may be detached, so long as the district is not reduced to less than nine square miles.

■ It is undisputed that the two orders entered by the County Board of Trustees, when taken together, detached from the Munday School District more than ten percent of its area. However, the first order had been completed and the debt assumption election had been held prior to the filing of the second petition. There is no evidence which shows or tends to show that the County Board was not acting in good faith, or that it abused its discretion. There is evidence that it would be to the best interest of the children and the citizens residing in the territory so detached for it to be placed in the Knox City District. Dorchester Independent School Dist. v. Allen, Tex.Civ.App., 239 S.W.2d 122; Ovalo Rural High School Dist. No. 19 v. County Board of School Trustees of Taylor County, Tex.Civ.App., 95 S.W.2d 472.

Appellants make the further contention that said orders were a continuation of the plan condemned by the Supreme Court in Munday Independent School Dist. v. Knox City Independent School Dist., supra. We do not agree with this contention. The court, in passing upon the action of the County Board complained of in the former case, said [254 S.W.2d 382]:

"We hold that (1) where the area in separate annexation proceedings forms a single cohesive and contiguous tract, and (2) where the proceedings are processed so nearly simultaneously as to be the same proceeding or overlap each other in time, and (3) where there is no reason other than an avoidance of Section 1 of Article 2742f why they could not be processed as one annexation, they will be treated in law as a single annexation. Lakeview Common School Dist. v. School Board, Tex. Civ.App., 38 S.W.2d 598; Wortham Independent School Dist. v. State, Tex. Civ.App., 244 S.W.2d 838. If the total area exceeds 10% of the losing district, the consent of the trustees is necessary. There is no question of fraud involved. Since the orders at bar are to be treated as a single order and, so treated, it violates the statute, they are void."

The orders involved in this suit do not come within the above holding. The territory to be detached in this case did not form a single cohesive and continuous tract. They were not processed so nearly simultaneously as to be the same proceeding or overlap each other in time. There were reasons, other than the avoidance of Section 1 of Article 2742f, why they could not

be processed at the same time. In the first place, the two tracts which were detached did not join, consequently, they could not have been placed in the same petition. There was a lapse of some six months between the granting of the first petition and the filing of the second. The evidence is insufficient to show that there was any conspiracy or attempt by the people in the affected areas to avoid the statute. So far as this record shows, the petitions were filed by the citizens of those areas in good faith in an attempt to do what they thought was for the best interest of their children. It is undisputed that most of these people live nearer Knox City than to Munday. The County Board did not abuse its discretion in granting either of the petitions. We have failed to find any basis upon which the trial court could have held the orders invalid.

The judgment is affirmed.