**ALANREED INDEPENDENT SCHOOL DISTRICT**

v.

**McLEAN INDEPENDENT SCHOOL DISTRICT et al.**

No. 7160.

Court of Civil Appeals of Texas. Amarillo.

Jan. 29, 1962.

Rehearing Denied Feb. 26, 1962.

Douglass, Thompson & Douglass, Pampa, for appellant.

Hill & Adkins, Shamrock, for appellees.

CHAPMAN, Justice.

This suit was instituted in the trial court by Alanreed Independent School District, appellant herein, seeking to set aside the orders of the County Boards of School Trustees of Gray and Donley Counties which detached a certain area from Alanreed Independent School District and at-

tached it to McLean Independent School District in accordance with Art. 2742f, Vernon's Texas Civil Statutes. The Alanreed Independent School District has territory within both of the named counties.

All emphases shown herein are ours unless otherwise stated.

The article just mentioned makes provisions for a County Board of School Trustees to detach territory from one district and add it to another district when duly petitioned by a majority of the qualified voters of the territory to be detached if the detached territory is contiguous to the common boundary line of the two districts; "provided the Board of Trustees of the district to which the annexation is to be made approves, by a majority vote, the proposed transfer of territory and provided further that where the territory to be detached exceeds (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached."

By pleadings duly filed in the case appellant first claimed that more than 10% of the Alanreed district was detached without the signatures of a majority of the Alanreed trustees necessary in such case under the article mentioned, and that the detached territory was not contiguous to the common boundary line of the two districts. Those contentions were abandoned and the case was prosecuted upon the theory that the detachment here involved was part of a scheme *of the County Boards of Trustees of the two counties* to detach from appellant's district more than 10% of its territory without the consent of a majority of its trustees. The case was tried to a jury and after it failed to agree on the question submitted the court discharged it and rendered the judgment for defendant, McLean Independent School District and the two named County Boards of Trustees, which it should have rendered upon the motion for instructed verdict made at the close of the testimony.

Appellant's contentions to the effect that the detachment made by the County Boards of School Trustees of the two counties was part of one transaction and a concerted scheme to detach from its territory more than 10% thereof without the consent of a majority of its trustees is based on the theory that two other petitions had been prepared seeking to detach certain territory which, when added to the detachment here considered, would exceed 10% of its district.

It is true the testimony shows Mr. Cousins, Business Manager of the McLean Independent School District, drew the first petition above mentioned at the special instance and request of the first group of petitioners from appellant's district, and that the McLean district paid an attorney for his services in drawing two other petitions by two other groups from the Alanreed district after they had appeared before the McLean Board and asked them if they would accept them into their district. It is also true that the total territory included within either of the second two petitions when added to the territory that had been detached would exceed 10% of the Alanreed district. However, the petition for the detachment here under consideration was made on the 11th day of March, 1960, the approval of the McLean Board made at a meeting on the 14th day of March, 1960, and the order for detachment made by the Gray and Donley County Boards on April 6 and 12, 1960, respectively. The second petition shows to have been made on the 1st day of August, 1960, more than three and a half months after the detachment made under the first petition. It was never presented to the Gray County Board and was not acted on favorably by the Donley County Board.

We have read the statement of facts very carefully and have failed to find any probative evidence showing a scheme either on the part of the petitioners on the detachment here under consideration or on the part of the McLean Board to perpetrate a

fraud upon the Alanreed Independent School District in seeking to detach more than 10% of the territory. Such a fraud could not be perpetrated except through the actions of the County Boards of School Trustees, and there is not any probative evidence showing bad faith on the part of the School Boards in furtherance of a scheme or device to circumvent Art. 2742f.

The testimony shows the Alanreed district had inadequate buildings, taught only through the eighth grade, sent their high school pupils to McLean High School, and that the people seeking the detachment wanted in the McLean district because they considered it a better school for their children. Additionally, the testimony showed the trustees of the Alanreed district were given a full public hearing before the Gray County Board before the detachment was made and that all interested parties who desired to do so were given an opportunity to present their views. The Superintendent of Schools of Gray County testified that after the hearing he felt, and still felt at the time of the trial in the district court, that the decision made was in the best interests of the school children and parents involved.

■ It is settled law in this state that county school trustees are vested with discretion to determine whether the statutory power to detach territory from one district and annex it to another should be exercised. Dorchester Ind. School District et al. v. Allen et al., Tex.Civ.App., 239 S.W.2d 122 (NWH); Sabinal Ind. School District v. County Board of School Trustees of Uvalde et al., Tex.Civ.App., 211 S.W.2d 331 (Writ Refused); Erath County School Trustees et al. v. Hico County Line Independent School District et al., Tex.Civ.App., 247 S.W.2d 564, 568, Syl. 3 (Writ Refused). In the last cited case the court said:

"The control which courts will exercise to supervise, control or correct action taken by the county school trustees in such cases is limited to instances in which the power of the trustees has been exercised in such harsh and arbi-trary manner as to amount to an abuse of discretion."

■ Though involving somewhat different facts to the instant case, our court has held that an Independent School District in its corporate capacity has no vested right in respect to territorial boundaries as originally established, and the Legislature has authority to provide the mode and agencies by which such change shall be effected. The Supreme Court has approved such holding. City of Beaumont Independent School District et al. v. Broadus, Tex.Civ. App., 182 S.W.2d 406 (Writ Refused). Article 2742f is one of such modes the Legislature has provided.

The contention was made in Munday Independent School District et al. v. Knox City Independent School District et al., 152 Tex. 89, 254 S.W.2d 381, that if there is no limit upon the number or upon the period of time in which successive annexations of territory, each of less than 10% of the territory of the losing district may occur, one district can "nibble" another to death. The Supreme Court said: "If this be a fault in the statute, the legislature can correct it." To date the legislature has made no such change.

Subsequently the Eastland Court of Civil Appeals held "where *the County Board* acts in good faith, and not in furtherance of a scheme or device to circumvent said statute it may grant as many orders as may be presented by the people of a district even though more than ten percent of the territory of a district may be detached, so long as the district is not reduced to less than nine square miles." Munday Independent School District v. County Board of School Trustees of Knox County et al., Tex.Civ. App., 274 S.W.2d 954. The writer sitting as a trial judge in an exchange of benches tried the case just cited and the Supreme Court approved the holding of the Eastland Court by refusing a writ.

■ Therefore, the fact that other petitions containing less than 10% each had

been presented by different groups within the Alanreed district seeking to detach additional territory therefrom totaling more than 10% when added to the detachment in controversy, which the McLean Independent School District had agreed to accept if properly processed, would not show a scheme or device to circumvent the statute in the granting of the detachment under consideration in the absence of probative evidence that the *County Boards of School Trustees* acted in bad faith in so granting it. As we have heretofore said, there is not any probative evidence showing such conduct on the part of either one or both of the two County Boards of School Trustees acting within their discretionary power.

At the conclusion of the testimony the trial judge should have granted appellee's motion for instructed verdict. Having failed to do so he did not commit error in subsequently granting judgment for appellees after discharging the jury. Because of our disposition of the case it becomes unnecessary to consider the other points raised by appellant's brief. Accordingly, the judgment of the trial court is affirmed.