## FRENSHIP RURAL HIGH SCHOOL DISTRICT, Appellant,

v.

## The CENTRAL EDUCATION AGENCY of the State of Texas et al., Appellees.

No. 11396.

Court of Civil Appeals of Texas.

Austin.

May 25, 1966.

Rehearing Denied June 15, 1966.

Elmer V. East, Lubbock, Gaynor Kendall, Austin, for appellant.

Nelson, McCleskey & Harriger, James A. Walters, Johnny R. Phillips, Lubbock, for appellees.

HUGHES, Justice.

This appeal is from a summary judgment rendered by the trial court sustaining an order of the Central Education Agency of the State of Texas which upheld the disannexation of approximately three and one half sections of land from the Frenship Rural High School District, appellant, and the annexation of such land to the Shallowater Independent School District. The latter district is located in Lubbock County. Frenship is located partly in Lubbock and Hockley Counties.

This case has wended its way through the school agencies as required by law and has been properly appealed to the courts. No point is made as to any deficiency in these respects and no point is made that the order complained of by Frenship is not supported by evidence or that it is in any respect arbitrary.

The single point made by Frenship is:

"Point I—The petition for detachment failed to conform to the mandatory requirements of Article 2742f, Vernon's Civil Statutes, in that it was not limited to a single territory, but instead sought detachment of two separate and distinct territories from Frenship Rural High School District. The order of the State Board of Education, which assumed to require that such multitract petition be granted, was consequently void. The District Court's Judgment sustaining the order should therefore be reversed, and judgment rendered that the disputed areas are still within the boundaries of plaintiff school district."

The stipulated material facts are:

1. On or about the 12th day of November, 1963, Berlin Haught and seventeen other signatories filed with the County Board of School Trustees of Lubbock County, Texas, a petition signed by the said Haught et al. as petitioners, praying for detachment of the lands therein described from the Frenship Rural High School District, and for annexation of the lands to the Shallowater Independent School District.

2. The lands sought to be detached are described by metes and bounds in the detachment petition. The lands included within the petition do not comprise a single territorial tract, but instead constitute two distinct tracts or territories separated from each other by a distance of approximately one-half mile. Specifically, the lands described in the petition as the South one-half of Section 28, Block JS, Lubbock County (a 320-acre tract owned by Theo Lide, and hereinafter referred to as "territory No. 1") is not contiguous to, but is physically separated from and one-half mile distant from the other tract or territory described in the petition (embracing Sections 32, 51, 52 and a portion of Section 53, Block P,

Lubbock County, and hereinafter referred to as "territory No. 2"). The two territories are separated by intervening lands within Frenship Rural High School District which are not included within the detachment petition.

3. Both territory #1 and territory #2 lie adjacent to and each is contiguous to the common boundary lines separating Frenship Rural High School District and Shallowater Independent School District. Neither territory constitutes (nor do both aggregate) as much as ten per cent (10%) of the area of Frenship Rural High School District, and detachment of both territories would not reduce Frenship Rural High School District to an area of less than nine square miles.

4. Mr. and Mrs. Theo Lide, who signed the petition, constitute a majority of the qualified voters residing within territory #1; they are both over fifty years of age, and their children are all adults. At the time of filing of the petition, and at all times since, no child of, or below, scholastic age has resided within territory #1.

5. Berlin Haught and the fifteen other signers of the petition are residents of the territory #2, and they constitute a majority of the qualified voters residing within territory #2.

Sec. 1 of Art. 2742f, Vernon's Ann.Tex. Civ.St. provides:

"Section 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles."

Citing Wortham Independent School District v. State ex rel. Fairfield Consol. Independent School Dist., Tex.Civ.App., 244 S.W.2d 838, Waco, writ ref., n. r. e. to the effect that Art. 2742f should be strictly followed failing which the attempted disannexation is void, appellant points to the use of the word "territory" in the statute and contends that the singular word does not include the plural of it and that since more than one territory was included within the disannexation petition, the subsequent order of disannexation is void.

■ We are not in agreement with this contention for the principal reason that Rule (4) of Art. 10, V.T.C.S., provides that in the construction of civil statutes "The singular and plural number shall each include the other, unless otherwise expressly provided."[1]

It is not expressly provided in Art. 2742f that only one territory may be included in the petition.

---

1. See International-Great Northern R. Co. v. Railroad Commission of Texas, Tex. Civ.App., 281 S.W. 1084, Austin, writ. ref.

We understand that this is but a rule of construction and that if it clearly appeared that the intention of the Legislature was to prohibit the consideration of a petition calling for the disannexation of more than one territory, we would honor such intention. However, we are unable to find any such intention.

Appellant points to our opinion in District Trustees of Tennessee Colony Common School Dist. v. Central Education Agency, Tex.Civ.App., 256 S.W.2d 151, writ. ref., n. r. e., where the Court noted that the word "territory" was used in the singular in Art. 2742f. In that case a single petition sought the disannexation of three separated tracts only one of which had the requisite number of qualified petitioners. The trial court sustained the validity of the proceedings only as to the tract which had the proper number of petitioners. We affirmed the judgment of the trial court although the validity of this portion of the trial court's judgment was not before us. If, as appellant contends, the inclusion of more than one tract in a single petition makes the petition and any order based on it void, then the trial court in Tennessee erred in its disposition of that case and we probably erred in affirming its judgment even though its validity in this respect was not affirmatively presented to us. It is our opinion that the trial court correctly ruled in Tennessee and that such case rather than being helpful to appellant is against its contentions here.

In Munday Independent School District v. Knox City Independent School District, 152 Tex. 89, 254 S.W.2d 381, the Court, in a proceeding under Art. 2742f, held that five separate detachment petitions, each legally sufficient when considered alone, *must* be *jointly* considered when the obvious effect of their separate consideration was to violate the statute. Since such petitions must be jointly considered, it follows, we believe, that they could have been embodied in one instrument.

■ If separate petitions must be considered jointly to avoid a violation of Art. 2742f, we see no reason for holding that a joint petition relating to two separate but related tracts may not be utilized when to do so violates no statute and results in prejudice to no one. It was certainly proper that these two tracts be considered for disannexation at the same time and their inclusion in the same petition was appropriate and not illegal.

We affirm the judgment of the trial court.

Affirmed.